

## MORRIS *against* BRUSH AND OTHERS.

*In trespass under the statute, (sess 36. ch. 56. sec. 29.) for cutting down timber, the plaintiff is entitled to treble costs as well as treble damages.*

*Collier*, in behalf of the plaintiff, moved for *treble* damages, and for treble costs in this case, it being an action of trespass for cutting down timber, &c., brought under the 29th section of the act for the amendment of the law, (1 *N. R. L.* 525., sess. 36. ch. 56.,) in which the jury had found a verdict for the plaintiff, and assessed the damages.

The question was, whether the plaintiff was entitled to *treble* costs.

*Per Curiam.* The plaintiff is entitled to *treble costs*, as well as treble damages.

Motion granted.(*a*)

(*a*) Vide *Tidd's Pr.* 902. Sayer on Costs, 228. Pinfold's case, 10 Co. 116. *a.* 2 Inst. 289. 2 Str. 1048. 1 Comp. 366—368. Carth. 321.

---

## READ AND OTHERS, *executors, &c., against* PATTERSON.

*A defendant has the same time to plead after oyer given, as he had when he demanded it. As, if 5 days only of the time for pleading remained unexpired, when oyer was demanded, the defendant must plead in 5 days after oyer is given.*

*Sampson*, for the defendant, moved to set aside the default, and all subsequent proceedings in this cause. He read an affidavit, stating, that the declaration was served on the defendant, on the 15th of *February* last; and on the first or second day of *March*, the defendant delivered to the plaintiffs a demand of *oyer* of the letters testamentary, &c. On the 26th of *May* following, the attorneys of the plaintiffs delivered to the defendant a copy or *oyer* of the letters testamentary; and on the 13th of *June* the defendants tendered to the plaintiffs' attorneys a plea of the general issue, which they refused to receive, saying they had,

some days before, entered a default against the defendant for want of a plea.

*Henry*, contra, objected that the default was regular; that the defendant had the same time to plead, after *oyer* given, as he had at the time he demanded it.* When the demand of *oyer* was made by the defendant, in this case, five days only of the time for pleading remained unexpired; and the plea was not tendered until 18 days after *oyer* was given.

*Per Curiam.* The default was regularly entered. It can be set aside only on payment of costs.

ALBANY, August, 1817.

FLEUROT v. DURAND.

* *Tidd's Pr.* 425, 531. 1 *Str.* 705. *Webber v. Austin,* 8 *Term Rep.* 356.

———◦✳◦———

## FLEUROT *against* DURAND.

*Henry*, for the defendant, moved for judgment as in case of *non pros*, on the ground that the plaintiff had not delivered the *particulars* of his demand, pursuant to the order made and served on him, by the defendant, for that purpose.

*Burr*, contra.

If the plaintiff neglects to deliver to the defendant the *particulars* of his demand, pursuant to an order for that purpose, the defendant is entitled to move for judgment as in case of *non pros.*

*Per Curiam.* There appears to be no established rule of practice in this respect. As the particulars of the plaintiff's demand may be deemed as part of his declaration, we think it the proper course for the defendant to move for judgment, as in case of *non pros*, for want of the bill of particulars, as he might have done for want of a declaration. We, therefore, grant the rule that the plaintiff furnish to the defendant *the particulars* of his demand, in twenty days, or that a judgment of *non pros* be entered.

Rule granted.