ALBANY,
June 1832.

Knap
v.
Smith.

---

KNAP vs. SMITH & SHEPHERD.

Where a defendant obtains an order enlarging the time to plead for his own convenience, and not staying the plaintiff's proceedings until the delivery of a bill of particulars, or the like, the time continues to run, notwithstanding the order ; and if the order be revoked, and the 20 days have expired, the plaintiff is at liberty to enter the default.

June 7.    MOTION to set aside default for irregularity. This suit was commenced by the filing and service of a declaration on the thirteenth day of January. On the second day of February the defendants obtained an order enlarging the time to plead until the sixteenth day of March. On the tenth day of March the plaintiff obtained a *vacatur* of the order, and about noon of the same day served notice thereof on the defendants. The tenth of March was Saturday. On the twelfth day of March the defendants served a plea, which the plaintiff refused to receive.

The parties all reside in the same city. The plaintiff having on the *tenth* of March caused the defendants' *default* to be en. tered, a motion was now made to set it aside for irregularity, on the ground that the defendants having the whole of the *second* of February wherein to plead, and the time having been enlarged by the order, they of course had the whole of the *tenth* of March, the day on which the order was vacated; that day, by the order, having been substituted for the *second* of February.

ALBANY,
June 1832.

Knap
v.
Smith.

*By the Court,* NELSON, J. Had the defendants pleaded on the *tenth* of March after receiving notice of the *vacatur* of the order, the default would have been set aside, because they were entitled to a reasonable time to put in their plea. But they did not do so until the *twelfth*, although the parties all reside in the same place. The default was regularly entered on the *tenth* of March after the order was vacated, for the time to plead had expired on the *second* of February. The only effect of the order was to prevent the plaintiff from proceding until it was revoked; it did not enlarge the time to plead, as an order staying proceedings until the delivery of a bill of particulars would have done. Where a defendant obtains such an order, after a compliance by the plaintiff with its terms, the defendant has the same time to plead that he had when it was obtained; but where the order is obtained for his own convenience, the time to plead continues to run; and it behoves him, at its expiration, or on its revocation, to stand ready to plead; for if the 20 days have expired, the plaintiff is entitled to enter his default. This must be so, or a defendant, by his own act, might obtain double time to plead; as thus, after having been served ten days with a rule to plead, he obtains an order giving him time to plead, which remains in force 20 days, and then expires by its own limitation, if the doctrine of the defendants was admitted as correct, he would have 10 days after the order ceased to operate, and thus would secure 40 days to plead. The default was regular, and the defendants having neglected to plead on the day the order was vacated, have no claims to be let in. The motion is denied, with costs.