IN THE

## SUPREME COURT OF JUDICATURE

OF THE

### STATE OF NEW YORK,

Since December, 1838.

---

### BROWN *vs.* ST. JOHN and TOUSEY.

An order for time to plead made by the recorder of N. Y. in the absence of the circuit judge from the city, may be revoked by the circuit judge on his return.

Where an order for time to plead is revoked, the defendant must plead within the time which he originally had, or his default may be entered.

An affidavit of merits must in its phraseology conform to the words of the 61st rule ; the defendant must allege that he " has fully and fairly stated the case to his counsel " It is not enough to use equivalent words. If circumstances exist putting it out of the power of the party to comply with the rule, they must be stated by way of excuse.

In this case the defendant stated in his affidavit of merits that he had made "a full and fair statement of all the facts of the case as far as they had come to his knowledge and believed them to exist," and yet the affidavit must was held defective.

MOTION to set aside a default for not pleading. The decla- Dec. 1838, ration was served on Tousey on the 5th, and on St. John on the 6th September, 1838. On the 20th the *Recorder* of

VOL. XIX.          78

ALBANY,
Dec. 1838.

Brown
v.
Tousey.

New-York (the *circuit judge* of the 1st circuit being absent) granted an order allowing 20 days *further time* to plead, which was served on the same day. On the 3d October, the circuit judge being in town, made an order vacating the Recorder's order unless the defendant's attorney would forthwith stipulate to take short notice of trial, which was served the same day, on the defendant's attorney; and he neglecting to stipulate, the defendants' default was entered on the 6th October for the want of a plea.

An affidavit of merits was made by St. John, in which he stated that he had " made a full and fair statement of all the facts of the case in the above cause to E. P. H., Esq. who resides in the city of New-York, and who is counsel for the defendants in this cause, as far as the facts have come to his knowledge, and he believes them to exist, and that the defendants have a good and substantial defence on the merits thereof as he is advised by the said counsel and verily believes to be true."

*A. L. Allen*, for the motion.

*C. W. Swift*, contra.

*By the Court*, COWEN, J. It is insisted, in the first place that Judge Edwards had no power to revoke the order made by the recorder. The order for time was in its own nature revocable, and, being open to abuse, we have given every reasonable countenance to its revocation, in a proper case. By the return of the *circuit judge* to town, the power of the *recorder* was gone. The statute of 1832, Sess. L. 189, § 6, sub. 3; 2 R. S. 128, 2d ed., declares that *no supreme court commissioner* in the city of New-York shall be authorized to make any order or *do any act* relative to suits pending in this court; but in the absence of the circuit judge from the city, or his sickness, such duties may be performed by the *first judge* of the common pleas or *recorder* of the city. This statute, without changing the revocable character of the order, leaves no option as to the officer who shall revoke when the circuit judge is well and in the city.

It is supposed that the defendants had the same time to plead after the time-order was revoked and the order of revocation served, that he had when the time-order was made. That is not so. The practice stated is confined to the case of *oyer*, or some act in the nature of oyer, such as furnishing a bill of particulars. *Knap* v. *Smith*, 7 Wendell, 534, 5. *Mulholand* v. *Van Tine*, 8 Cowen, 132. Notice was given of the order of revocation, which contained a very reasonable condition, the object being to secure the plaintiff a trial at the next circuit. All excuse of surprize or captiousness is, therefore, out of the case.

I would relieve on the affidavit of merits, but it does not conform to the new rule prescribing the language of such affidavit. The affidavit should be simply that the party deposing " has fully and fairly stated the case to his counsel." Rule 61. I do not say that special circumstances may not exist, under which a compliance with the exact terms of the rule may be out of the reach of ordinary diligence. On this being shown, the general rule, like all others, must give way. But the excuse should be laid before us. *Prima facie,* the party is capable of fully and fairly stating his case ; the words of the rule must be followed, and we cannot *accept* even an equivalent phrase, without the departure being expressly excused.

The motion must be denied, with costs—not the costs of the copy *narr.* annexed to Mr. Swift's opposing affidavit. The motion is also denied with leave to renew it, on a proper affidavit of merits.