Jenkins v. Bloodgood.

---

### Jenkins *vs.* Bloodgood.

Where the defendant before the expiration of the rule to plead in two suits brought against him, obtained *an order to stay* until a motion could be made to *consolidate,* and the motion was made and granted *after* the rules to plead had expired, and the plaintiff forthwith entered the defendant's default for not pleading, IT WAS HELD, that the default was regularly entered, and that the plaintiff was entitled to retain it, notwithstanding that on the same day, though *after* the entry of the default, the defendant served a demurrer ; the court holding that the defendant should have pleaded before the motion was made for consolidation.

*W. Parmelee,* for the defendant, moved to set aside the default and subsequent proceedings, for irregularity. Two suits were brought by the plaintiff against the defendant, in which the declarations were served, in one, on the 9th, and in the other, on the 11th of July last. On the 23d of July the defendant served papers for a motion to *consolidate* the suits, with a judge's order to stay the plaintiff's proceedings until the motion should be made. On the 7th August the motion was made and granted. The plaintiff thereupon on

---

the circumstances of the case may reem to require ; and on filing such order at the next general or special term, an order of the court to the same effect may be entered as a matter of course.

IV. Service of papers by enclosing the same in a wrapper, directed to the attorney of the other party at his place of residence, putting the same in the post office and paying postage, shall be equivalent to service upon an agent.

V. These rules shall take effect on the first day of July next.

" See *Reynolds* v. *Woods, ante p.* 642.

Tallmadge v. Teller.

the same day entered the defendant's default—the 20 days for pleading having expired. Afterwards, on the same day, the defendant tendered a demurrer, which the plaintiff refused to receive.

*C. M. Jenkins*, for plaintiff, opposed the motion.

*By the Court*, BRONSON, J. The order to stay proceedings did not give the defendant the same time to plead after the motion to consolidate was decided, that he had at the time the order was served. *Brown v. St. John*, 19 *Wendell*, 617. And the 20 days for pleading having expired before the motion was made, the plaintiff was at liberty to enter the default as soon as the order to stay proceedings ceased to operate. The defendant might have pleaded before the motion was made. The plaintiff was regular, and as there is no affidavit of merits, the default must stand.

Motion denied.