## PARKS *v.* GOODWIN AND HAND.

A writ of summons returnable before a justice's court, will not be set aside on account of the omission of the plaintiff to comply with the statute, (R. S. 405, § 5,) requiring non-resident plaintiffs to give security for costs before *process shall issue;* provided the plaintiff gives such security *nunc pro tunc,* before a motion to set aside the writ is granted.

It has been the settled practice of the Circuit Courts to permit original writs to be endorsed *nunc pro tunc* by security for costs, or by the plaintiff's attorney, where either of these endorsements, (which, by the statute R. S. 418, § 4, § 8, are required to be made *before service* of the writ,) have been omitted; and this, even after motion made to set aside the writ, on the ground of such omission.

ERROR to the Oakland Circuit Court.

RANSOM, J. This was an action of assumpsit, commenced by summons, before a justice of the peace of Oakland county. The defendants in error, who were the plaintiffs below, were non-residents, and neglected to file security for costs. The plaintiffs moved the justice on this ground to set aside the summons ; whereupon the defendants filed security for costs. The court then refused to grant the plaintiff's motion.

The statute in force at the time this suit was commenced, (R. S. 405, § 51,) required that, in all cases, non-resident plaintiffs should give security for costs before process issued. It is urged by the plaintiff, that the giving the security was essential to confer on the justice jurisdiction of the parties. But the statute does not make the giving the security a condition, on compliance with which, only, the process shall issue. Nor does it provide that the process shall be void, or be quashed, or set aside, if such security should not be given. The court having general jurisdiction of the subject matter and of the parties, may proceed to final judgment, unless the defendant move to set aside the process for this defect. Such a motion, when made, must prevail, unless the plaintiff in the suit furnish the requisite security. But where no motion is made, the objection is deemed to be waived and the defect cured.

This is a settled rule in the Circuit Courts, under a similar statute. R. S. 418, § 4, provides, that "all original writs, in which the plaintiff is not an inhabitant of this state, shall, before the service thereof, be indorsed by some sufficient person, who is an inhabitant of this state." The subsequent section provides, that "every such indorser shall be liable, in case of the avoidance or inability of the plaintiff, to pay all such costs as shall be awarded against the plaintiff." True, this statute requires the security to be given before the *service*, the other before the *issuing* of the process. But this difference is unessential. Again, R. S. 418, § 8, declares that "original writs shall be indorsed by the attorney for the plaintiff before the service thereof." Under these provisions, we have always held it competent for the Circuit Courts to permit original writs to be endorsed *nunc pro tunc*, either as security for costs, or by the attorney, when either endorsement may have been omitted before service; and this, too, after mo-

tion to set aside the writ or service on the ground of such omission. This was done in the present case, and we think properly.

The only object of these several provisions is to secure the defendant against costs, in case judgment is finally rendered in his favor; and this object is secured as effectually by an endorsement or giving security *after* the issuing or service of a writ, as *before.*

The case of *Neckerman* v. *Finch,* 15 Wend. R. 652, is relied upon by the plaintiff. The statute of New York provided, that a warrant might issue where the plaintiff was a non-resident and tendered to the justice security for the payment of any sum which might be adjudged against him in the suit. A warrant had issued without security being first given, although it was put in on the evening of the same day. The court decided, that the security must be tendered before the writ could issue. And very properly ; for, under that statute, the tendering the security, like the filing an affidavit of the amount due, &c. under our attachment law, is an indispensable prerequisite to the issuing of the process, without which all proceedings would be utterly null and void.

There is another New York statute, more analogous to the statute of our own state now under consideration. It provides that a foreign corporation, created by the laws of any other state or country, may, upon giving security for the payment of the costs of suit, prosecute in the courts of that state. In the case of the *Bank of Michigan* v. *Jessup,* 19 Wend. R. 10, a motion was made to dismiss, for the same reason urged here, that security for costs had not been given. *Nelson,* C. J. in deciding the motion, said : " The plaintiffs were irregular in prosecuting the suit without giving security. Having now complied with the statute, the motion is denied," &c.

Such, we think, is the proper construction of the statute

under consideration.    Such was the construction given to it by the justice of the peace who tried the cause; and also by the Circuit Court of Oakland county, where the subject was again considered on appeal.

There is, therefore, no error in the record in this case, and the judgment below must be affirmed.

*Judgment affirmed.*