## JOHN WILSON vs. GEORGE W. PATTERSON.

WHEN, in an affidavit, it is necessary to swear to the advice of counsel, the statement that the person making the same has " fully and fairly stated *all the facts he expects to prove in said cause*" is insufficient.

*Wayne County Circuit, January,* 1870.

*George H. Penniman* for Plaintiff.

*L. T. Griffin* for Defendant.

*By the Court,* PATCHIN, J.—This is a motion to set aside a nonsuit. On a former hearing of the motion the plaintiff was required to make an affidavit of merits, and he now comes into court with an affidavit, stating that it is based upon advice of counsel to whom he has " fully and fairly stated all the facts he expects to prove in said cause." It is objected by the opposing counsel that this is not sufficient as an affidavit of merits, and that the party should not only state to his counsel the facts he *expects to prove,* but *all* the facts in the case, so that the counsel could properly advise whether there are real merits in the case or not, for the reason that *real* merits are not based upon a partial statement of facts, but upon a disclosure of *all* the facts bearing upon the case. It seems to be held by the authorities

on this subject, without exception, that in stating facts to counsel for the purpose of making an affidavit of merits there must be a full, fair, and frank statement of *all* the facts in the case. *Vide* 1 *Hill*, 644 ; 19 *Wendell*, 617 ; 22 *Wendell*, 636 ; *Green's Prac.*, 309 ; 1 *Abbott's Digest*, 57.

To allow an affidavit of merits based upon the advice of counsel to be used at all would seem to me to be extending the rule of evidence quite as far as any Court ought to be called upon to do. It is an *ex parte*, unsworn statement of the party in interest to his paid attorney, upon which statement that attorney gives an opinion, and that party in interest puts it in the form of an affidavit; and upon this the Court is called upon to act judicially. It is clear such evidence as that should be confined within the strict letter of the law by which it is authorized. But it would seem that counsel upon either side had overlooked rule 59 of Circuit Court rules, which provides what shall be stated in an affidavit of this kind. The rule is as follows :

" Whenever it shall be necessary in an affidavit to swear to the advice of counsel, the party shall, in addition to what has usually been inserted, swear that he has fully and fairly stated his case to his counsel, and shall give the name of such counsel."

The motion must be denied, with costs, with leave to renew upon filing a proper affidavit of merits.