# APRIL TERM, 1877.

———◆———

## Abel Bills v. William Keesler.

*Chattel mortgages: Certified copy: Evidence: Form of certificate.* A certificate of the township clerk, attached to a copy of. a chattel mortgage, that it is a true and compared copy of the original on file in his office, and of the whole of such original, is. sufficient to entitle the copy. so certified to be received in evidence.

*Certificates: Form: Certified copy: Chattel mortgages.* The form of certificate indicated by the statute (*Comp. L. 1871*, § *5931*), viz.: that the copy certified is a true transcript compared by the officer with the original in his office, is not designed to be an exact and exclusive form which shall preclude all others; but a certificate which complies in substance with what is here required is sufficient; and another statute (*Comp. L. 1871*, § *4711*) provides for the certification of copies of chattel mortgages, etc., filed with township and city clerks, and a certificate which complies with this statute is sufficient.

*Heard and decided April 3.*

Error to Newaygo Circuit.

This was trover, brought by defendant in error in justice's court, and taken by *certiorari* to the circuit court. The judgment in justice's court was for the plaintiff, which was affirmed in the circuit, and the defendant brings error. The point raised is sufficiently stated in the opinion.

*William D. Fuller* and *J. H. Standish,* for plaintiff in error.

*James Barton* and *Gray & Luton,* for defendant in error, were stopped by the court.

PER CURIAM:

. The only question on this record is, whether the court below errcd in receiving in evidence what purported to be a

certified copy of a chattel mortgage filed in the office of the township clerk. The objection is, that the certificate is not in exact verbal conformity with the form indicated by the statute.—*Comp. L.*, § *5931.* We think, however, the substance of what is there required appears in this certificate; and that is sufficient. It may be doubted whether that statute is designed to require one general form for all cases;. there is room for supposing that the purpose was only to indicate a certificate that should be sufficient, but without precluding certificates which, but for this statute, would have been good. Another statute *(Comp. L.*, § *4711)* seems to provide for the certification of these copies, and under that, this certificate would be sufficient without doubt.

Judgment affirmed, with costs.