79    227
s44NW  601
130   1473

JAMES W. HUNTOON v. PATRICK O'BRIEN AND CERTAIN SAW-LOGS OWNED BY PHILIP P. LEONARD.

*Log-lien law—Judgment—Trial—Evidence.*

1. For the purpose of identifying a statement of lien, received in evidence and made a part of a log-lien suit, it is competent for the person who verified such statement to swear to such verification, and also that he filed the paper with the county clerk.

2. A certificate of the county clerk, stating that " the annexed and foregoing is a true copy of a statement of lien, and of the whole of said original record, as compared by me," is sufficient to entitle the copy to be received in evidence, under How. Stat. § 7504. *Bills v. Keesler,* 36 Mich. 69.

3. Where the statement of lien, affidavit for and writ of attachment, and declaration in a log-lien suit all describe the property as " about 400,000 feet of pine saw-logs (marks, if any, to this affiant unknown) now lying upon the lands belonging to Seth Evans partly, and upon the lands belonging to Rice Jones partly," specifying the section, township, and county, and the officer returns " that he seized about 100,000 feet of the logs mentioned and described in the writ," and the rights of but one log-owner intervene, on whose logs the labor was performed for which the lien is claimed, it is not error to declare the judgment for the amount due for such labor a lien upon *all* of the logs described in plaintiff's declaration.

Error to Muskegon. (Dickerman, J.) Argued January 10, 1890. Decided January 17, 1890.

Attachment proceedings under log-lien law. Defendant log-owner brings error. Affirmed. The facts are stated in the opinion.

*Horace L. Delano,* for appellant, contended:

1. The question asked Isaac F. Huntoon, whether he swore to a statement of lien for his son on a given date, as his agent or in his behalf, was incompetent, the statement being the best evidence; citing How. Stat. § 7504; Act No. 229, Laws of 1887; as was the succeeding question, whether he filed said statement in the office of the clerk of Muskegon county, for a like reason; citing the same authorities.

2. The certificate to the copy of the statement of lien was insufficient, as it did not disclose that the paper was a true transcript, compared by the clerk with the original in *his office;* citing How. Stat. § 7504; and the paper was immaterial and irrelevant, for the reason that the original statement purported to have been signed by Isaac F. Huntoon, claimant, and not by the plaintiff, or by Isaac F. Huntoon in his behalf, as required by section 2 of Act No. 229, Laws of 1887.

3. The justice erred in finding that the judgment was a lien upon all of the property described in plaintiff's declaration, as the proofs did not show that he worked upon all of such property, there having been about 100 logs cut and skidded when the plaintiff began work on the job; citing *Appleman v. Myre,* 74 Mich. 359.

*DeLong & O'Hara,* for plaintiff, contended for the doctrine stated in the opinion.

LONG, J. Patrick O'Brien, the defendant, was employed as a contractor by the owner of the logs upon which a lien was declared for labor performed by the plaintiff upon the products described in the plaintiff's declaration. O'Brien failed to pay the plaintiff for said work in skidding a portion of said logs, who filed a statement of lien, through his father, Isaac F. Huntoon, who is described as agent in the body of the statement, but who signs his name, "Isaac F. Huntoon, Claimant," in the county clerk's office for Muskegon county, and instituted and carried on proceedings for the enforcement of such lien before a justice of the peace, under Act No. 229, Laws of 1887. The statement of lien, the affidavit for writ of attachment, and the declaration contained the

same description of property upon which the lien is'
claimed, as follows:

"About 400,000 feet of pine saw-logs (marks, if any, to
this affiant unknown), now lying upon the lands belong-
ing to Seth Evans partly, and upon the lands belonging
to Rice Jones partly, in section 23, Cedar Creek town-
ship, in Muskegon county and State of Michigan."

By virtue of the writ of attachment, the officer seized
about 100,000 feet of the logs described in the writ, and
served the writ upon the principal defendant, and also
upon P. P. Leonard, the log-owner. Upon the return-
day, the plaintiff and defendant, as well as the log-owner,
appeared in said cause. The log-owner appeared for the
purpose of defending against the lien. At the trial the
justice rendered a judgment against the defendant for
$37.87, together with $10 costs of suit, and found the
same to be a lien upon all the products (about 400,000 feet
of pine saw-logs) described in the plaintiff's declaration.
The defendant log-owner thereupon sued out of the
Muskegon circuit court a writ of *certiorari*, where the
case was heard, and the judgment in the justice's court
affirmed. The defendant log-owner brings the case to
this Court by writ of error.

The affidavit for the writ of *certiorari* contains the
following allegations of error:

1. That the justice erred in overruling the defendant
log-owner's first objection.
2. That the justice erred in overruling the defendant
log-owner's second objection.
3. That the justice erred in admitting the paper called
a "statement of lien," and the certificate attached there-
to, against defendant log-owner's objection.
4. That the justice erred in declaring, against the
objection and protest of defendant log-owner, the amount
of said judgment to be a lién upon all the product
described in plaintiff's declaration.

It appears that Isaac Huntoon, the father of plaintiff,

was called as a witness by plaintiff, and asked to state whether he swore to a statement of lien for his son, in December, as his agent or in his behalf. The answer to this question was objected to, as the statement itself would be the best evidence. This objection was overruled, and the witness answered that he did. This is the first error complained of. There was no error in receiving the answer. The question was competent for the purpose of identification of the statement of lien, which was offered and received in evidence, and made a part of the case.

The witness was also asked if he filed this paper with the county clerk of Muskegon county on the day it was made, and, under objection, was permitted to answer that he did. There was no error in this ruling.

The plaintiff, to make his case, put in evidence a certified copy of the statement of lien, filed in the office of the county clerk. It is objected that this was not properly certified to make it evidence, under the statute. How. Stat. § 7504, provides—

"Copies of all papers, records, entries, and documents required by law to be filed by any public officer in his office, or to be entered or recorded therein, and duly filed, entered, or recorded according to law, certified by such officer to be a true transcript, compared by him with the original in his office, shall be evidence in all courts and proceedings in like manner as the original would be, if produced."

The certificate of the county clerk reads as follows:

"STATE OF MICHIGAN, ⎰ ss.
County of Muskegon, ⎱

"I, George S. Lovelace, clerk of said county and of the circuit court thereof, do hereby certify that the annexed and foregoing are true copies of statement of lien, and of the whole of said original record, as compared by me."

The objection is made that the certificate does not

show that the copy was compared with the original statements filed in his office. The certificate is sufficient. It shows that it is a true copy of the original, and was compared by the clerk. No other construction could be given it than that the copy was compared with the original filed in his office. It was said in *Bills v. Keesler,* 36 Mich. 69, that it is not necessary that the certificate shall be in exact verbal conformity with the statute; it will be sufficient if it contains in . substance what the section requires.

The last objection has no more force. The sheriff,. under the writ, seized· the logs of Mr. Leonard, and no other. The statement, affidavit, writ, and declaration contain the same description of property, and the sheriff returns that he seized about 100,000 feet of the logs mentioned and described in the writ. The rights of no other log-owner intervened; and it is not disputed that O'Brien, the contractor, was actually indebted to ·the plaintiff in the amount claimed, and which was for labor expended upon the logs of Mr. Leonard.

There is no error in the record, and the judgment must be affirmed, with costs of both courts.

The other Justices concurred.