**685 RANKANS vs. CIRCUIT JUDGE (Ottawa), No. 13547, 97 M., 623.**

To set asidea default and judgment and allow relator to plead.

Granted June 14, 1893, with costs.

Plaintiff, a non-resident, commenced suit February 8, 1893,

by declaration, against relator, but failed to endorse security for costs. Narr served February 13, 1893. February 18, 1893, relator appeared specially and moved to strike narr from files. The first court day thereafter was March 13, 1893. .

In the meantime, on March 9, 1893, plaintiff filed the requisite security. The motion to strike from the files was denied, on the ground that the security had been filed, but defendants were allowed a motion fee. Plaintiff immediately paid the motion fee, and on the same day entered defendant's default for want of appearance and plea.

On March 18, default absolute was entered and judgment taken. On March 20, defendant moved to vacate default and judgment, on the ground (1) that no affidavit of non-appearance or of non-service of plea had been filed by plaintiff, and (2) that the default was prematurely entered, as defendant had twenty days after March 13 to appear and plead.

The Circuit Judge held (1) that no affidavit of non-appearance was necessary, citing Leonard vs. Woodward, 34 M., 514; Elliot vs. Farwell, 44 M., 186; Bogue vs. Prentis, 47 M., 124; Edson vs. LaLonde, 88 M., 162; and (2) that no order staying proceedings having been obtained by defendant that the twenty days under Circuit Rule 16, continued to run, citing Knapp vs. Smith, 7 Wend., 534; and that the practice contended for by defendant is confined to cases of oyer, such as furnishing a bill of particulars, Knapp vs. Smith, supra; Reed vs. Patterson, 14 Johns., 328; Brown vs. St. John, 19 Wend., 617; Jenkins vs. Bloodgood, 22 Wend., 645; that defendant might have, on March 13, obtained an order enlarging time to plead, and not having done so, the default could be entered at once, Anonymous, 3 Hill, 448; and (3) that the giving of security is not essential to jurisdiction, Parks vs. Goodwin, 1 Doug., 56.

Relator contended that the proper course in such case is to move to strike the declaration from the files, Parks vs. Goodwin, 1 Doug., 56; that the omission to endorse security was an irregularity, Bank vs. Jessup, 19 Wend., 10; that a plea to the merits would have waived the want of endorsement, Shinn's Pl. & Pr., p. 406; that defendant had the right to invoke the statute; and that otherwise a declaration filed in vacation more than twenty days before a session of court, would compel defendant to waive the right; that defendant had at least all of the day upon which the motion to strike was determined, Porter vs. Hower, 9 Penn. Co. Ct., 286; that in Knapp vs. Smith, 7 Wend., 534, an order for extension of time to plead was set aside and the court held, that as such order was obtained for defendant's convenience, the case stood as if the order of stay had not been made.