| 100 | 421 |
| 105 | 656 |

GEORGE W. HOLCOMB v. SOPHRONIA A. HOLCOMB.

*Divorce—Pleading—Collusion.*

1. Where a bill for divorce charges both extreme cruelty and adultery, collusion cannot be inferred from the filing of a stipulation striking the latter charge therefrom.

2. While, as held in *Ayres v. Circuit Judge*, 90 Mich. 380, the requirement of 3 How. Stat. § 6232, that the oath to a bill for divorce shall negative the existence of any collusion whatever between the complainant and the defendant in relation to the application for divorce, is mandatory, and its absence cannot be waived by any act of the defendant, still, where the jurat states that "there is no agreement or understanding" between the parties in relation to the application for a divorce, the defendant should not be permitted to object for the first time in the Supreme Court that the oath is not in strict conformity with the statute, she having appeared, answered, contested the case, and filed a petition to set aside the decree appealed from.

Appeal from Ionia. (Daboll, J., presiding.) Argued April 11, 1894. Decided May 22, 1894.

Bill for divorce. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*John H. Mitchell,* for complainant.

*William O. Webster,* for defendant.

GRANT, J. Complainant and defendant were married March 10, 1877, and lived together as husband and wife until February 22, 1890. They then separated, and on March 3, 1890, executed articles of separation and settlement of their property affairs. May 27, 1890, complainant filed a bill for divorce, charging defendant with extreme cruelty and adultery. She answered fully, denying the charges, and replication was duly filed. He also caused his wife to be arrested on a criminal warrant, charging her with adultery. January 2, 1892, a stipulation was made between the solicitors for the parties, by which it was agreed that the charge of adultery should be stricken out in the bill. After this was done, another stipulation was entered into for the taking of testimony on the charge of cruelty. Testimony was taken, and a decree of divorce entered in favor of complainant, January 12, 1892. February 20, following, the parties entered into another agreement, in writing, by which they released each other from all property or personal obligations. July 6, following, defendant filed a petition to set aside the decree. This was denied by the court, and the defendant appeals.

The decree is now attacked upon two grounds: (1) That the jurat to the bill of complaint is not in compliance with the statute, and conferred no jurisdiction upon the court; (2) that the decree was collusive.

1. The jurat is not in strict compliance with How. Stat. § 6232, as amended in 1887.[1] The statute requires the jurat to state "that there is no collusion, understanding, or agreement whatever." The words "collusion" and "whatever" are omitted from the jurat. Were it necessary, the case would be remanded to the court below for

---

[1] See 3 How. Stat. § 6232.

amendment in this particular, as was done in the case of *Harrison v. Harrison*, 94 Mich. 559; but the question of the jurisdiction is raised in this Court for the first time, and therefore comes too late. In the case of *Ayres v. Circuit Judge*, 90 Mich. 380, the defendant moved seasonably to dismiss the bill, because of the failure to comply with this statutory provision. While it is true that this defect cannot be waived by any act of the defendant, still, where the jurat states that there is no agreement or understanding between the parties in relation to the application for a divorce, we do not think the defendant should be permitted to raise the question for the first time in this Court, when she appeared in the court below, answered, contested the case, was represented by able counsel, filed a petition to set aside the decree, and in none of the proceedings raised the objection.

2. We have carefully examined the record, and find no evidence of any collusion between the parties. The articles of separation contain no reference to a divorce. That there was no collusion is apparent from the answer and the vigorous defense made upon the charge of adultery. Collusion cannot be inferred from the stipulation made to abandon the charge of adultery, and strike it from the bill.

The decree is affirmed, with costs.

The other Justices concurred.