ALBERT L. BROWN AND WILLIAM J. RILEY v. THE PONTIAC MINING COMPANY ET AL. SAME v. THE MESNARD MINING COMPANY ET AL. SAME v. JAY A. HUBBELL, CIRCUIT JUDGE OF HOUGHTON COUNTY (TWO CASES).

*Corporations—Bill to wind up affairs—Equity jurisdiction—Affidavit to bill—Amendment—Mandamus.*

1. The objection that Act No. 262, Laws of 1889, which provides for the winding up of mining and manufacturing corporations whose charters have expired by proceedings in the equity court, is unconstitutional in that it does not make all

105 653
s 109 536
105 653
s63NW1000
130 473
105 653
e135 4253

stockholders necessary parties to said proceedings, and contains no sufficient provision for notice to them, is not tenable, the proceedings being in behalf of all stockholders, and the statute contemplating that in their course the general powers of the court may be exercised when required to supplement the statutory procedure.

2. Said proceedings are not purely statutory in the sense that a suit in attachment or summary proceedings to recover the possession of land are.

3. The averment in a bill filed under said act, that complainants are stockholders of the defendant corporation, does not conclude the court or the defendants, but is open to inquiry in the course of the proceedings, and the alleged fact must be proven at the hearing.

4. On demurrer to a bill filed under said statute, the circuit judge held that, inasmuch as the affidavit verifying the bill was made two months before the bill was filed, it did not affirmatively appear that complainants were stockholders when the bill was filed, that the defect was jurisdictional, and dismissed the bill. And it is held that the court had jurisdiction of the subject-matter independently of the statute; that the bill contained the necessary averments; that to support the decree proof at the hearing of complainants' interest was requisite; that the defect was not jurisdictional, and an amendment should have been allowed.

5. *Mandamus* will lie to vacate the order dismissing the bill, and to compel the circuit judge to proceed with the case; citing *People v. Swift,* 59 Mich. 529; *Brown v. Circuit Judge,* 75 Id. 274.

*Mandamus.* Argued April 4, 1895. Granted July 2, 1895.

Relators applied for *mandamus* to compel respondent to vacate an order sustaining a demurrer to a bill in chancery. The facts are stated in the opinion.

*Chadbourne & Rees,* for relators.

*A. R. Gray* (*Thomas H. Talbot,* of counsel), for respondent.

McGRATH, C. J. Bills were filed in the first two cases

September 27, 1893, under chapter 124a, 3 How. Stat.
p. 3397, to wind up the affairs and distribute the assets
of the defendant corporations. The bills were verified by
affidavits dated July 22, 1893. Defendants Watson and
Ashley entered their appearance in February, 1894, and
afterwards demurred in each case, setting forth:

"1. That the said bill is not verified as required by law.
"2. That the proceedings taken in said cause and the
relief prayed for in said bill are not warranted or author-
ized by law.
"3. That the complainants have not, in and by their
said bill, made or stated such a case as entitles them, in
a court of equity, to the relief therein prayed for.
"4. That it appears by the said bill that there are divers
other persons who are necessary parties to the said bill,
but who are not made parties thereto."

The circuit judge held that, inasmuch as the affidavits
were made long before the filing of the bills, it did not
affirmatively appear that complainants were stockhold-
ers when the bills were filed; that the defect was juris-
dictional; and dismissed the bills. Complainants have
appealed in both cases, and having some doubt as to
whether an appeal lies, under *Cady v. Manufacturing Co.*,
48 Mich. 133, have also obtained in each case an order to
show cause why a *mandamus* should not issue compelling
the circuit judge to vacate the order dismissing the bill
and proceed with the cause.

The chapter under which the proceedings are brought
has been since amended, expressly providing for an
appeal, hence it is unnecessary to discuss the question
as to the proper mode of bringing the cases here.[1] If it
be urged that an appeal did not lie, then the rule laid
down in *People v. Swift*, 59 Mich. 529, viz., that where an
inferior court has refused to entertain jurisdiction on a
matter preliminary to a hearing on the merits *mandamus*
is an appropriate remedy, is applicable. This is not an

---

[1] The decrees were made December 6, 1894, and Act No. 39, Laws
of 1895, which provides for an appeal, took effect March 26, 1895.

application to review an order made in the course of a proceeding, but rather for an order compelling the court to act. See *Brown v. Circuit Judge*, 75 Mich. 274.

The statute (3 How. Stat. § 4161*d*9) provides that to such bill shall also be annexed an affidavit of the complainant that the facts stated in the bill are true. It is not claimed that the averments in the bill are not ample. We are cited in support of the judgment to the holdings in the attachment cases, and to *Bryan v. Smith*, 10 Mich. 229; *Ayres v. Gartner*, 90 Id. 380; and *N. Y. Baptist Union v. Atwell*, 95 Id. 239. Attachment proceedings and summary proceedings to recover possession of lands are special and purely statutory. In *Bryan v. Smith* the complaint did not contain the essential averment that at the time of the commencement of the proceedings complainant was entitled to the possession of the premises. In *Ayres v. Gartner* it is true that it was said that the statutory requirement was mandatory, but express reference was made to the fact that a motion to dismiss had been made, an opportunity had been given to apply for leave to amend, and no request therefor had been had. In *Harrison v. Harrison*, 94 Mich. 559, however, it was held that the affidavit might be amended, and the case was remanded for that purpose. See, also, *Holcomb v. Holcomb*, 100 Mich. 421.

How. Stat. § 6824, provides that in all cases non-resident plaintiffs in justices' courts shall give security for costs before process shall issue. Section 7296 provides that all original writs in which plaintiff is a non-resident shall, before service, be indorsed by a resident, who shall be liable for costs. As early as the case of *Parks v. Goodwin*, 1 Doug. 56, it was held that a writ of summons returnable before a justice would not be set aside because of the omission of plaintiff, a non-resident, to give security for costs, provided that such security be given before a motion to set aside the writ is granted.

The court in the present case is not one of special or limited jurisdiction. The bill of complaint averred that

complainants were stockholders. That averment did not conclude the court or defendants, but was open to inquiry in the course of the proceeding, and was a fact to be proven at the hearing. Nor do we think that the proceeding is a purely statutory one, in the sense that a suit in attachment or a summary proceeding to recover the possession of land is. The question of the power of a court of equity to dissolve a corporation is not involved. The bill is filed to distribute the assets of a corporation chartered to exist during a limited period of time, which has expired. In such case the corporation is dissolved, with all the consequences of a dissolution by any other mode. Field, Corp. § 481; 2 Mor. Priv. Corp. § 1005; Ang. & A. Corp. § 778a; *People v. Walker*, 17 N. Y. 502; *Bank v. Wrenn*, 3 Smedes & M. 791; *Railroad Co. v. Rainey*, 7 Cold. 432; *Wilson v. Tesson*, 12 Ind. 285; *Bank v. Trimble*, 6 B. Mon. 601; *Asheville Division No. 15, Sons of Temperance, v. Aston*, 92 N. C. 578. The franchise having expired, the lawful existence of the corporation ceased, and could not be continued. 2 Mor. Priv. Corp. § 1005. Upon the dissolution of the corporation the corporate property must first be applied to the payment of the debts of the corporation, and the remainder is to be distributed among the stockholders, and a stockholder may file a bill to effect such distribution. 1 Cook, Stock, Stockh. & Corp. Law, § 641. The court in the present case had jurisdiction of the subject matter independently of the statute. The bill contained the necessary averments, and to support the decree proof at the hearing of complainants' interest was requisite. In such case the defect is not jurisdictional, and an amendment should have been allowed. 1 Enc. Pl. & Prac. 472, 511.

It is, however, urged that the statute under which these proceedings are instituted is unconstitutional in that it does not make all stockholders necessary parties to the bill, and contains no sufficient provision for notice to them. The proceeding is, however, one in behalf of all

stockholders. The statute requires all other persons interested to be made defendants. Upon filing the bill an order is to be made reciting the filing of the bill, by and against whom filed, and its purpose. Notice of the contents of such order is to be published once in each week, and subpoenas are to be issued to all persons who are made defendants. The statute then expressly provides that proceedings subsequent to the filing of the bill, the publication of notice, and the issue of subpoenas shall be according to the usual course of procedure in chancery cases. An order for the appearance of unknown defendants is provided for, and subsequent proceedings respecting them are to be in conformity with the statute relating to non-resident defendants. Upon application for the appointment of a trustee an order to show cause is to be made, and published once in each week for three successive weeks. A hearing is provided for, and, upon his appointment, the trustee is required to give such security as the court may direct. The trustee is required to give notice of his appointment, and this notice is required to be published once in each week for three successive weeks. The trustee is empowered to take possession of the corporate property and to dispose of the same, but sales of real estate must be made in the manner prescribed by law for the sale of real estate in chancery foreclosures, and personal property is to be sold in such manner as the court shall direct. The power of distribution is not lodged with the trustee, but with the court, and the statute clearly contemplates that in the course of the proceedings the general powers of the court may be exercised when required to supplement the statutory procedure. The statute is not open to the objections raised.

The writs must therefore issue as prayed, and the records will be remanded accordingly, with costs to complainants.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, J., did not sit.