GIFFORD v. ROBERTS.

COSTS—SECURITY BOND—APPROVAL—DISMISSAL OF ACTION—DISCRETIONARY ORDERS.

Under 3 Comp. Laws 1897, § 9992, authorizing the court in civil cases to require the plaintiff to give security for costs when it shall appear reasonable and proper, one who is directed to file within one week a security bond to be approved by the clerk, and is thereafter granted an extension of the order for three weeks, is not in position to complain that the court abused its discretion in dismissing his suit for noncompliance with the order, where his only attempt at compliance was a tender, after the expiration of the time limited, of a bond with a nonresident surety, which the clerk declined to approve.

Error to Calhoun; Smith, J. Submitted December 6, 1900. Decided December 19, 1900.

Case by Walter S. Gifford against John J. Roberts for criminal conversation. From an order dismissing the cause for failure to file security for costs, and an order denying a motion to set aside the order of dismissal, plaintiff brings error. Affirmed.

*Hatch & North*, for appellant.

*Arthur B. Williams* and *Andrew W. Lockton*, for appellee.

MOORE, J. In 1899 plaintiff commenced a suit in the circuit court for the county of Calhoun against defendant

by *capias*. The case was put at issue. On December 4, 1899, the court made an order requiring the plaintiff to file security for costs within one week, with one or more sureties, to be approved by the clerk of the court. At the expiration of that time the order was extended until the 1st day of January. On the 3d day of January the plaintiff tendered the clerk a bond, with one surety, made by residents of Kalamazoo county. The surety justified as to his pecuniary responsibility before a justice of the peace of Kalamazoo county. The clerk filed the bond, but declined to approve of it. January 30th, upon a motion and after hearing counsel, the court made an order dismissing the case for failure to file security for costs in compliance with the order of the court. February 19th a motion to set aside this order was made, which motion was overruled. Subsequently another motion was made "to set aside the order dismissing this cause, and allow the clerk of said court to accept the bond already deposited with the clerk, or allow the plaintiff to proceed to compel the clerk of said court to show cause why the bond tendered by the plaintiff should not be accepted and approved by him, or to allow the plaintiff to file another and proper bond, as the court may direct." This motion was overruled. The court, in disposing of the motion, gave as a reason that the clerk had refused to approve the bond, and that he was satisfied he was acting in good faith. The case is brought here by writ of error.

Counsel say the failure to file security for costs within the exact terms of the order is not a ground for dismissing the case; citing *Parks* v. *Goodwin*, 1 Doug. 56, and *McGill* v. *Beitner*, 114 Mich. 646 (72 N. W. 613). In the first of these cases a proper bond was filed before a motion to dismiss was made. The court refused to dismiss the case, and this court said the action of the lower court was not error. The other case arose in relation to a bond required by subdivision 4, § 11282, 3 Comp. Laws 1897. A bond was filed which complied with the terms of the statute applicable to that case, and the only question

involved was whether a failure to file it in the precise time should be visited with the penalty of dismissal. The order in this case was made by the circuit judge by virtue of section 9992, 3 Comp. Laws 1897, which authorizes him in civil causes to require the plaintiff to give security for costs when it shall appear reasonable and proper. This imposes a discretion upon the judge. In the exercise of that discretion, he directed a bond to be filed to be approved by the clerk of the court. No such bond has been filed. There has been a failure to comply with the order of the court. In the refusal of the circuit judge to grant these motions there does not seem to be any such abuse of discretion as will justify us in setting aside his order.

Judgment is affirmed.

The other Justices concurred.