HARRIS *v.* DOYLE.

CULLEY *v.* SAME.

1. LOGGING LIENS—NONRESIDENTS—JURISDICTION OF JUSTICE.
    Where both parties are nonresidents of the county, proceedings to enforce a lien upon logs by attachment under 3 Comp. Laws, § 10760, may be commenced in the township where the logs are.

2. SECURITY FOR COSTS — NONRESIDENTS — REVERSAL ON CERTIORARI.
    A judgment will not be reversed on *certiorari* for the failure of the justice to require a nonresident plaintiff to file security for costs, where defendant's motion for that purpose was not made until after the close of plaintiff's testimony, and it does not appear that defendant until that time believed plaintiff was a resident, or that he had been misled upon that subject.

3. FILING OF LIEN—INDORSEMENT BY CLERK—ORAL PROOF.
    Where a statement of a laborer's lien upon logs, filed with the county clerk, is not indorsed by him, oral proof of the delivery to him is competent.

Error to Montmorency; Emerick, J. Submitted April 9, 1902. (Docket Nos. 36, 37.) Decided May 8, 1902.

Log-lien proceedings by James Harris and William Culley against Augustus Doyle, principal defendant, and Robert Rea, log owner. From judgments for plaintiffs, defendant Rea brings error. Affirmed.

*Joseph H. Cobb*, for appellant.

*Collins & D'Aigle*, for appellees.

HOOKER, C. J. These are companion cases, and were heard together. The respective plaintiffs worked for the principal defendant, Doyle, in cutting and skidding, in Montmorency county, logs belonging to Robert Rea,

Doyle being under contract obligations with Rea to cut and skid the same. The last day's work was done on March 26, 1901. On the 11th day of April, 1901, each plaintiff made and verified a statement of lien upon the hemlock logs in question, and it is claimed on their behalf that they were filed with the clerk of Montmorency county upon the same day. On April 26, 1901, each plaintiff made and filed another statement of lien for the same claim, thereby seeking to charge other kinds of timber besides the hemlock. It is conceded that these were filed one day too late, and they need not be further considered. The lien claimed by Harris was for $78, and that of Culley $154. The latter included an item of $48 for the services of his wife. Attachments were issued by a justice of the peace of Hillman township, Montmorency county, and plaintiffs recovered judgment for the full amount of their respective claims, with liens for $70 and $144, respectively. On removal to the circuit court by *certiorari*, the judgments were reversed, so far as they declared liens on timber other than hemlock, and as to the item of $48 for the services of Culley's wife, and in other respects they were affirmed, and the causes have been brought to this court on writ of error by the defendant Rea.

Rea lived in Hillman township, Montmorency county, while Doyle and the plaintiffs resided in Alpena. On the return day of the writ the parties appeared by counsel, with the exception of Doyle, who appeared in person. The cause was tried after an adjournment *by consent* for nine days. A motion for security for costs upon the ground that plaintiffs were nonresidents of Montmorency county was overruled. This motion was made at the close of plaintiffs' testimony.

Three questions are raised by the assignments of error:

1. Did the justice have jurisdiction to issue the writ, in view of the fact that neither plaintiffs nor defendant was a resident of Montmorency county?

2. If the justice had jurisdiction, was it lost when he denied a motion for security for costs, after the close of the evidence?

3. Was there adequate proof that the liens were duly filed, and, if not, can the judgment be sustained?

1. Both plaintiffs and defendant resided outside of the county of Montmorency, where the logs were situate. Had either lived within said county, the action must have been commenced within the township where such party resided, or an adjoining township, in conformity to the general statute, as we held in the case of *Burlingame* v. *Marble*, 95 Mich. 5 (54 N. W. 695). The log-lien statute (3 Comp. Laws, § 10760) expressly provides that 'the action shall be brought in the county where the logs are situate. The defendant's contention involves the claim that, where the parties are both nonresidents, no justice of the peace can have jurisdiction, and he argues that nothing would preclude the bringing of an action in the circuit court in such case. There would seem to be as much force in the claim that no action could be brought in the circuit court, for ordinarily such court has no jurisdiction where neither party resides or is found within the county. In both cases the presence of property confers jurisdiction under the statute. The circuit court may have had jurisdiction of the larger of these liens, but not of the smaller, unless the owner of the larger was willing to unite the claims (see section 10762), and, if we were to sustain defendant's contention, it would leave a single lienholder remediless, where both parties were nonresidents of the county where the logs were situate. It was competent for the plaintiffs to commence these proceedings before a justice of the peace of the township in which the logs lay, both parties being nonresidents.

2. The statute (section 713) provides that, in all justices' cases, "plaintiffs who are not residents of the county in which the suit is brought shall give security for costs before process shall issue." At the close of the plaintiff's testimony, counsel for defendant Rea, who had been served with process as one claiming to be owner of the property, moved the court for an order requiring plaintiff to file security for costs, upon the ground that plaintiff's

testimony showed him to be a nonresident of Montmorency county, and for judgment against the plaintiff on the ground that the justice had no jurisdiction. The statute is mandatory, and it is ordinarily the duty of the justice to require security for costs from nonresidents upon motion seasonably made; and such motion is seasonable if made at the first opportunity after the defendant is apprised of the fact that the plaintiff is a nonresident. See *Parks* v. *Goodwin*, 1 Doug. 56; *Brown* v. *Mining Co.*, 105 Mich. 656 (63 N. W. 1000). But there can be no doubt of the power of a defendant to waive his right to security for costs. In this case the motion was not made until all of plaintiff's testimony was in. It does not appear to have been claimed that defendant's omission to move earlier was due to the belief that the plaintiff or Doyle resided in said county, nor is there any showing that he had been misinformed on the subject and misled. One who resorts to *certiorari* to review the judgment of a justice of the peace is required to show a clear ground for reversal, for the consequences are serious. A reversal in this case would annul the proceedings, if it did not prevent any remedy upon the lien. We must presume that the justice found that defendant's motion was unseasonable, and we will not review his action.

3. The remaining question relates to the proof. It is claimed that there was no proof that the lien was filed. A certified copy of the lien was introduced, but it failed to show the date of filing with the clerk. The two copies of statements are all that were shown to have been of record, and they are supplemented by testimony that statements of lien were filed within the statutory period. If the statements were not indorsed by the clerk, oral proof of the fact of delivery to him for filing was competent. *Huntoon* v. *O'Brien*, 79 Mich. 231 (44 N. W. 601).

These are the only questions which require discussion, as they are the only ones clearly raised.

The judgments of the circuit court are affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.