WILLIAM E. LUCKE, DEFENDANT IN ERROR, v. JOHN KIERNAN, PLAINTIFF IN ERROR.

Submitted July 8, 1902—Decided November 17, 1902.

1. A rule extending defendant's time to plead may be revoked upon good cause shown; but such revocation should not be ordered except upon notice, unless the exigency of the case be such as not to admit of it.
2. Upon the vacation of a rule extending time to plead, the defendant has the rest of the day, on which the rule was vacated, within which to file his plea.

---

On error to the Hudson Circuit Court.

For the plaintiff in error, *James D. Manning.*

For the defendant in error, *Hudspeth & Puster.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The record and proceedings brought up by this writ of error disclose the following situation: Subsequent to the filing of the declaration and its service upon the defendant, and on the day before the defendant's time to plead had expired, he applied to the court to have the same extended, and a rule was thereupon directed to be entered allowing the defendant fifteen days further time to plead. Four days after the entry of this rule application was made to the court by the plaintiff to vacate it as improvidently entered.

The motion was based on an affidavit of the plaintiff's attorney setting out that, prior to the institution of the suit, the defendant called at his office, admitted that the debt, to recover which this suit was brought, was a just one, and due and owing, and requested that time be granted to him to raise the money with which to pay it; that his request was complied with, but that, notwithstanding, he neglected to pay, whereupon this suit was brought. That, after the commencement of the suit, the affiant again saw the defendant, and that the latter then repeated to him the statement that he owed the money, and added, "but I am going to file a plea simply to gain time." After hearing the application the court vacated the rule extending the time to plead, and directed that plaintiff have leave to enter judgment by default.

Both the rule extending the time to plead and the rule vacating it were made *ex parte*.

One ground upon which we are asked to set aside the judgment is that, by the making of the rule extending the time to plead, the defendant's right to the additional time therein granted became fixed and could not be taken away by subsequent action of the court.

We do not think this contention is well founded. As a general proposition, the power of a court over its own rules and orders is absolute, unless controlled by statute; and a rule extending time to plead is no more irrevocable than any other rule. Although the question does not seem to have been frequently considered so far as reported cases show, yet, whenever it has come before the courts, the right to vacate a rule extending time to plead has either been assumed or declared to exist. In the case of *Hunt* v. *Barcklay,* 3 *Dowl. Pr. C.* 647, the English Court of Common Pleas entertained a motion to vacate such a rule, and refused the application, not for lack of power to grant it, but because, on the facts, the court concluded that the order of extension should stand. In the case of *Knapp* v. *Smith,* 7 *Wend.* 534, the right to vacate an order extending time to plead is assumed to exist. In the case of *Kingman* v. *Rathbone's Administrator,* 12 *Id.* 240, the Supreme Court of New York declared that an order en-

larging time to plead may be vacated on good cause shown, and in *Brown* v. *St. John,* 19 *Id.* 167, the same doctrine is laid down.

Nor has the power of the court over rules of this character been abridged in New Jersey by statute. The tenth section of the Practice act requires the defendant to file his plea within thirty days after the expiration of the time for filing the declaration, unless the court, under special circumstances, shall grant him further time. There is clearly nothing in this provision from which there appears a legislative intent to make a rule extending the time to plead irrevocable when once granted; and if any doubt should exist upon this point it is dissipated by a reading of the one hundred and forty-fifth section of the act. That section delegates to any judge of the court in which the action is pending the power, upon affidavit setting out matters specified in the act, to make an order granting further time to plead; and declares that the order shall, during the time therein granted, stay the entry of judgment, *except upon application in open court.* The obvious intent of this exception was to put the order extending time, when granted by a single judge, upon the same plane as when granted by the court itself, reserving to *the court* the same control over the order, when made by a single judge, as when made by the court itself.

The defendant further contends that there was error in ordering the revocation of the rule without notice to him. Section 216 of the Practice act (*Gen. Stat., p.* 2568) provides "that there shall be two days' notice of all special motions before the court or a judge, in matters of practice, unless otherwise specially directed by this act; provided, that if the contingency of the case be such as not to admit of notice, the court or judge may dispense with such notice, and make such order as the ends of justice may require." A motion to vacate a rule extending time to plead is a special motion in a matter of practice, within the meaning of this statutory provision. Consequently, notice was requisite, unless the exigency of the case would not admit of it. An examination of the affidavit, upon which the application to va-

cate the rule was rested, discloses no fact out of which such an exigency could arise; and, as that affidavit was the sole basis of the judicial action, it is clear that such action was taken in disregard of the requirement of the statute.  For this reason the judgment should be reversed.

We think it well to add, even if the conclusion had been reached that, under the facts presented to the court below, it was justified in making the rule of revocation without requiring notice of the application therefor to be given to the defendant, the judgment under review could not stand.  And for this reason: the court not only vacated the rule extending time to plead, but granted the plaintiff leave to enter judgment by default.  Upon the vacation of the rule the defendant was entitled to the rest of the day on which the rule was vacated in which to plead.  *Mengens* v. *Perry,* 15 *Mees. & W.* 537; *Evans* v. *Senior,* 4 *Exch.* 818.  He was deprived of this right by the granting of leave to the plaintiff to enter judgment by default, and this deprivation was legal error.

*For affirmance*—DIXON.  1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, ADAMS, VREDENBURGH, VOORHEES, VROOM.  12.