ANDREW W. COMPTON, PROSECUTOR, v. JAMES C. CAL-
VERT, CLERK OF THE COURT OF COMMON PLEAS OF
THE COUNTY OF UNION; HARRY G. GERE AND
CHARLES C. RAMEY, RESPONDENTS.

Argued November 5, 1908—Decided February 23, 1909.

In proceedings under the act for the relief of persons imprisoned on
civil process (*Gen. Stat., p.* 1726), when the debtor has filed the
statutory declaration required by section 14, the creditor or
creditors must plead thereto within twenty days after such
filing, and the court has no power to extend the time to plead or
to recognize a plea filed out of time.

On *certiorari.*

Before Justices GARRISON, PARKER and VOORHEES.

For the prosecutor, *William Newcorn.*

For the defendants, *John S. Mackay.*

The opinion of the court was delivered by

PARKER, J.    The question for decision in this case is
whether, in proceedings under the Insolvent Debtors' act, so-
called (*Gen. Stat., p.* 1726), after the debtor has filed the
statutory declaration, the form of which is set out in full
in section 14 of the act, the Court of Common Pleas has
power to extend the time within which the creditors are re-
quired by that section to plead thereto, or to permit the filing
of pleas out of time.

The facts are as follows: Prosecutor was arrested on writs
of *ca. sa.* in two suits; in the first, on October 28th, 1907,
and in the second, on February 8th, 1908. After the first ar-
rest he gave the bond and made the inventory provided for by
section 6, and in regular course his petition was presented to
the court and a day fixed for hearing. In the meantime the
defendant Ramey, another creditor, had caused his arrest on

a *ca. sa.* in a second suit and a similar bond was given and inventory delivered to the sheriff. Notice of the time and place of hearing was duly given, the examination was held and the two plaintiff creditors attended, and pursuant to section 13 expressed themselves as dissatisfied with the truth and honesty of his statement and inventory, &c., and undertook to prove by the first day of the next term that he had secreted some part of his estate, and was therefore not entitled to a discharge. The court therefore remanded Compton as required by law, upon the creditors entering into the undertaking to pay his prison board as prescribed by the statute.

The next step in the proceedings was for the debtor to file the statutory declaration within thirty days after his remand. (Section 14.) This he did; and it became the duty of the creditors, if they desired to contest his claim to discharge, to file their respective statutory pleas "within twenty days after filing the said declaration but not afterwards." The same section further provides "that if within twenty days after filing the declaration of the debtor, no creditor do file a plea to the same, the clerk of the court, on the application of the debtor, is hereby required to enter in the minutes of the said court a certificate that no plea has been filed by any creditor to the declaration of the debtor, and that the debtor may produce a copy of the said certificate under the hand of the clerk and seal of the court, to any two judges of the court, who, being together, are hereby empowered to make their joint order in writing under their hands and seals, that the debtor for default of a plea filed to his declaration by any creditor, be discharged out of custody." *Gen. Stat., pp.* 1730, 1731, § 14. The act of 1896 (*Pamph. L., p.* 149) reduced the number of judges of the Court of Common Pleas to one besides the Supreme Court justice assigned to the county, and gave that one judge all the powers of the three formerly existing, since which time his signature alone has been sufficient.

No plea was filed within the twenty days, and the clerk's certificate was duly entered as provided in the portion of the statute above quoted.

We come now to the particular proceeding brought up by

this writ of *certiorari,* which is an order by the Court of Common Pleas that, notwithstanding their default, the creditors Gere and Ramey be allowed until May 16th to file their pleas, which by law were due on April 15th. This order was apparently based on affidavits of the respective attorneys for the named creditors, to the effect that they expected to be served with a copy of the declaration, and each attorney (so say the affidavits) thought the other one would file the necessary plea.

The prosecutor attacks this order as illegal and beyond the jurisdiction of the court, and we think he is right. We find no authority of law for such an order, nor do the defendants undertake to cite any in their brief, and they were not represented by counsel at the oral argument. Prosecutor suggests section 112 of the Practice act and its predecessor (*Pamph. L.* 1903, *p.* 129), permitting opening of judgments by default due to negligence of attorneys. Whether the pleas resorted to this statute, or the discretionary power of the court in actions at law to extend the time for pleading in certain cases is of no moment, for neither the section of the Practice act cited nor the discretionary power has any bearing on insolvency proceedings. Even if they had, the order would be irregular, as made, without notice after time to plead had expired. *Lucke* v. *Kiernan,* 39 *Vroom* 281, 283. But apart from this, these proceedings are special and statutory, and the statute is specific in limiting the time to plead to twenty days, not after the declaration is due, as in common-law actions, but after it is filed, and in expressly forbidding the filing of a plea beyond the twenty days' period. The creditor, therefore, must be vigilant in watching for a declaration and in pleading in time, or his rights are gone.

The brief submitted for defendants is devoted mainly to argument that the court is not bound by law to discharge the debtor from custody on default of creditor's plea duly certified by the clerk; the words used in the statute are "empowered to make order * * * that the debtor * * * be discharged." While this precise point is not perhaps before us for decision, it is a corollary of the order extending time to plead, for if that time cannot be extended no issue can

be framed for trial; the debtor's declaration, that he has well and truly complied with the act, stands confessed, and he is entitled to his discharge as of course. This clause has always in practice been regarded as mandatory, and in a case arising under section 11, where the word "may" is used, the court regarded discharge as a right. *Weeks* v. *Buderus,* 10 *Vroom* 448. This would seem to be indicated clearly by the title of the act.

The Court of Common Pleas was without power to extend the time to plead, and the order brought up will therefore be set aside, with costs.