Cavanaugh v. Wright.

---

## PETER CAVANAUGH v. SAMUEL H. WRIGHT.

### PETITION FOR MANDAMUS.

Under the provisions of Section 8, Article VI, of the Constitution, the Legislature may prescribe the mode of proceeding on appeal from a Justice's Court to the District Court. That mode may be by trial *de novo*, or a mere review of the Justice's proceedings, as the Legislature choose to direct.

THIS was a petition for Mandamus from this Court directed to the Hon. S. H. WRIGHT, District Judge of the Second Judicial District.

The facts are fully stated in the Opinion.

*R. M. Clarke*, counsel for Petitioner.

*A. C. Ellis*, counsel for Respondent.

Opinion of the Court by BEATTY J., LEWIS, C. J., concurring.

In this case the petitioner, Peter Cavanaugh, was sued in a Justice's Court, and judgment rendered against him.   He took the necessary steps to perfect an appeal to the District Court according to the provisions of an Act of the Legislature of the State of Nevada, approved February 26th, 1866, prescribing the mode of proceedings in Justices' Courts, and regulating the manner of taking appeals, &c.

The Act directs that trials on appeal from Justices' Courts shall be *de novo* in the District Court.   When this case came up for hearing in the District Court, it was objected that the Constitution did not confer on the District Court, nor empower the Legislature to confer on that Court the right to try *de novo* a cause that had been tried in an inferior Court.   That under the Constitution of the State the District Court only had power to review as upon writ of error the action of the lower Court.

The District Court sustained this view of the Constitution, and refused to proceed with the trial of the appeal, upon the ground that the Court had no constitutional power so to do, and that the Act of the Legislature authorizing trials *de novo* is unconstitutional and void.

This Court is now asked to issue a mandamus to the District Judge commanding him to proceed with the trial of the cause, and the only question raised on the argument of the cause was whether that Court had the power under the Constitution to hear the cause *de novo*.   The only clauses of the Constitution bearing directly on this point are as follows: Section 6 of Article VI, in enumerating the powers of the District Court uses this language :

" They shall also have final appellate jurisdiction in cases arising in Justices' Courts, and such other inferior tribunals as may be established by law."

Section 8 of the same article, after defining the cases in which Justices shall have original jurisdiction, uses this language :

" The Legislature shall also prescribe by law the manner, and determine the cases, in which appeals may be taken from Justices' and other Courts."

" Appellate jurisdiction," in its most limited and technical sense,

means jurisdiction to retry and determine something that has already been tried in some other tribunal.

If we were to give the phrase its most technical and limited meaning, we might rather hold that the framers of the Constitution intended thereby to require that all appeals from Justices should be tried *de novo*, than that none should be so tried.

But we are not disposed to give it so narrow and technical a construction. We think as used in the Constitution the phrase "Appellate jurisdiction" was intended to be used in a broad and comprehensive sense. It was intended to confer jurisdiction upon the District Courts to hear cases on appeal either in the strictest sense, which would require a trial *de novo*, or to review them as law cases are reviewed at common law. We think the language quoted from the eighth section clearly confers on the Legislature the power to regulate the manner of appeals to the District Court. It might require in one class of cases that upon appeal the trial should be *de novo*, and in other cases a simple review of the proceedings of the Court below.

The Legislature has required the trial in the District Court to be *de novo* in all cases, and we think it had the right to do so ; the law is not in conflict with any constitutional provision. We see nothing in the fourth Section of Article VI of the Constitution, which confers Appellate Jurisdiction on this Court, which militates against the views we have herein expressed.

The District Court of Ormsby County will proceed to hear, try, and determine the cause of *Catharine A. Harvey* v. *Peter Cavanaugh* in the regular course of business of said Court.

The trial will be *de novo*.