# THE STATE OF NEVADA ex rel. A. D. TREADWAY, v. SAMUEL H. WRIGHT.

Mandamus, its Function. The office of mandamus may be to compel the action, but it cannot be to correct the errors of an inferior court. When such court has acted, its action, however informal or erroneous, cannot be set aside or reversed by such writ.

Dismissal of Appeal from Justice's Court. Where a district court dismissed an appeal from a justice's court, on the ground that the notice of appeal was not duly stamped: Held, that however erroneous the action of the district court, mandamus would not lie to compel it to reinstate the cause and try it on the merits.

Disposal of Cases beneath Supreme Court Jurisdiction. If a district court disposes of an appeal from a justice's court, the amount involved in which is not sufficient to authorize an appeal to the Supreme Court, such disposal, however erroneous, cannot be reviewed in the Supreme Court.

Cavanough vs. Wright, (2 Nev. 166) as to the propriety of mandamus to compel an inferior court to proceed with a trial, cited with approval.

This was an application on behalf of Aaron D. Treadway for a writ of peremptory *mandamus* against Hon. Samuel H. Wright, Judge of the District Court of the Second Judicial District, Ormsby County, to compel him " to set for trial, hear and determine the cause of C. J. Hoteling *v.* A. D. Treadway," mentioned in the opinion. Judge Wright filed an answer to the petition, setting forth, among other things, that the cause referred to had been brought into his court on appeal from a justice's court; that a motion had been duly made in his court to dismiss the appeal; that the motion had been duly heard in open court upon proof oral and documentary, and argument of counsel; that after due consideration, the motion was granted and the appeal dismissed by order then made and entered; that after such dismissal, counsel for appellant asked leave to stamp the notice of appeal, and then moved to set the cause and proceed with the trial thereof upon the merits, which was denied; and that at the time said last mentioned motion was made, and at the time the petition for *mandamus* was filed, and at the time of filing his answer, there was no such cause as the one mentioned pending in his court.

*Clayton and Davies*, for Relator.

The writ of *mandamus* is proper to be resorted to on *all* occasions where the relator has suffered the violation of some legal right, and the law has failed to provide a specific legal remedy. It is a well established principle, that if there be a right, and no adequate remedy, where in justice there should be one, this writ, " the supplementary remedy, when all others fail," should not be denied. (Moses on Mandamus, p. 18.) It is a proper remedy to compel inferior tribunals to perform their legitimate duties; and as the District Court has manifestly erred on a well settled point of law in dismissing this appeal and striking this cause from its calendar without proper cause, and as the relator seeks in no wise to dictate a judgment to the District Court, or to trespass in the least degree upon its discretionary powers, the relief sought is not only eminently in keeping with justice and good government, but the issuance of a mandatory writ is unquestionably within the province and bounden duty of this Court. (*Ex parte Bradstreet*, 7 Peters, 647.)

" Where a cause is improperly stricken from the docket, *manda-mus* is the proper remedy to procure it to be reinstated." (*Ex parte Low*, 20 Alabama, 330.) " Where an inferior Court makes an order in a case which is in violation of the plain legal rights of one of the parties, and by virtue of such order refuses to proceed further in the case, the inferior Court can, on *mandamus*, be compelled to vacate the order." (*People* v. *Judges of Washington County*, 1 Cowan, 576.)

"A Court having appellate jurisdiction from an inferior Court, and which has refused to entertain an appeal of a case, may be compelled to do so by writ of *mandamus*." (*Ex parte Henderson*, 6 Florida, 279 ; see also *Asberry* v. *Shearers*, 6 Texas, 457 ; *People* v. *Scates*, 3 Scammon, 357 ; *Ten Eyck* v. *Farlee*, 1 Harrison, 369 ; *State* v. *Judges of Bergen*, 2 Pennington, 541 ; *Garrabraut* v. *McCloud*, 3 Green, 462 ; *Thorpe* v. *Keeler*, 3 Harrison, 251 ; *People* v. *Niagara Common Pleas*, 12 Wendell, 246 ; *People* v. *Pearson*, 1 Scammon, 458 ; *People* v. *New York Common Pleas*, 19 Wend. 118.)

It is true that the writ of *mandamus* so far partakes of the nature of a prerogative writ, that the Court has the power to issue or withhold it, according to its discretion ; but this discretion is not an arbitrary but a judicial one, and when, as in this case, there is a right, and the law has established no adequate and specific legal remedy, following the general principle of the common law, the writ should not be denied. (*St. Luke Church* v. *Slack*, 7 Cushing, 226.)

*R. M. Clarke*, for Respondent.

This petition is for a *mandamus*, ostensibly to compel the respondent to try a cause ; but in fact to compel the Court below to reverse a judgment of dismissal. *Mandamus* is not the proper remedy. The Court below did not refuse to act ; but on the contrary proceeded to determine a question of law regularly presented and clearly within its jurisdiction. And although the judgment pronounced may have been erroneous, the determination was *judicial* and final, and cannot be reviewed on this writ.

" Mandamus is a proper remedy to compel an inferior Court to adjudicate upon a subject within its jurisdiction ; but where it has

adjudicated, a mandamus will not lie·for the purpose of revising or correcting its decision." (*County Court of Warren* v. *Daniel*, 2 Bibb, 573.)

Where a ministerial act is to be done and there is no other specific remedy, a *mandamus* will be granted to do the act required; but where a·complaint is against a person who acts in a judicial and deliberative capacity, though he may be ordered by *mandamus* to proceed to do his duty by deciding and acting according to the best of his judgment, the Court will not direct him in what manner to proceed. (5 Binney, 103. See also 10 Pickering, 244; 5 Ohio, 542; 24 Cal. 79; 28 Cal. 166; 1 Denio, 679; 18 Wendell, 89.)

Judgment of dismissal having been made and entered in the Court below, the trial cannot be proceeded with until the judgment of dismissal shall have been reversed. , This cannot be done by *mandamus*.

By the Court, LEWIS, J.

The relator petitions this Court to issue a peremptory writ of mandamus to the defendant, Wright, commanding him to proceed with the trial of a certain action between one Hotelling and himself. The facts disclosed by the affidavit on behalf of the relator, and upon which the writ is asked, may in substance be thus stated :

Hotelling brought an action against Treadway in a Justice's Court, to recover the sum of one hundred and ten dollars; and on the twenty-ninth day of January, recovered judgment. A few days afterwards Treadway took an appeal from the judgment so rendered against him to the District Court for the County of Ormsby. At the first term of that Court after the appeal was taken, the respondent, Hotelling, moved to dismiss the appeal, upon the ground· that it had not been regularly taken, no revenue having been placed upon the notice of appeal as required by law. Although not stamped until after the expiration of the time within which the notice was required to be filed and served, stamps were placed upon it before the motion to dismiss was made. Upon proof of these facts, the defendant, who was the Judge of the District Court, ordered the appeal to be dismissed. And now the re-

lator claims, that as the amount involved in the action is not sufficient to authorize an appeal to this Court, and there is no other remedy, he is entitled to a mandamus, directing the Judge below to reinstate the cause upon the calendar, and proceed to try it.

The Judge below may have erred in dismissing the appeal, but it is very certain that the error cannot be corrected by mandamus. The office of mandamus is to compel action, not to correct errors. When an act is once done, no informality or error will authorize it to be set aside or reviewed by such writ. If the order dismissing were correct, mandamus should certainly not issue. We cannot say it is erroneous, without reviewing the action of the Court below.

The statute authorizes the issuance of the writ to " compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." If the defendant had refused to dispose of, or hear the cause between Hotelling and the relator, the case would be then brought within the provision of the statute. The Judge below, it is true, refuses to try the cause upon its merits, but the reason given for it is, that the cause had already been disposed of. Now, if the order dismissing the cause were correct, it cannot be claimed by any one that this writ ought to issue to reinstate it, and compel the Judge to try it upon its merits. If by reason of irregularity in the appeal the case was not brought within the jurisdiction of the District Court, it was its duty to dismiss it.

But how is this Court to determine whether the Court below rightly dismissed the appeal or not? We have no means of ascertaining that fact, except by reviewing all the proceedings upon the motion to dismiss, and examining the evidence produced to sustain it. To do so, however, would be to review the judicial action of the lower Court, precisely as if an appeal had been taken from the judgment of dismissal, which cannot be done in a proceeding of this character. The case could not be brought to this Court by appeal, because the sum involved is not sufficient to give it jurisdiction, but upon the application for this writ, we are asked to review an order or judgment of the Court below, adjudge it to be erroneous, set it aside, and direct the Court to proceed with the trial. To do so, would simply be to convert the writ of mandamus into a writ of error.

The Court below having made an order disposing of the cause, no matter how erroneous it may have been, it cannot be reviewed in this Court.

In the case of *Cavanaugh* v. *Wright*, 2 Nev. 166, it will be observed the Court refused absolutely to proceed with the trial, and the writ issued commanding it to try the cause. Hence, this is not a case in point, as here the Court has disposed of the case to compel the trial of which this writ is asked.

Writ refused.