[No. 995.]

## FLORAL SPRINGS WATER COMPANY, Petitioner, *v.* HENRY RIVES, District Judge, Respondent.

Mandamus—Will be Issued to Compel Courts to try Causes.—If the district court refuses to try a cause on the ground that it has no jurisdiction, and it appears that the court has jurisdiction, the writ of mandate will be issued to compel the court to hear and decide the cause upon its merits.

Justice of the Peace—Jurisdiction—Action against County.—A justice of the peace has jurisdiction of an action against a county for a sum less than three hundred dollars.

Application for mandamus.

The facts sufficiently appear in the opinion of the court.

*Geo. S. Sawyer* and *T. W. W. Davies*, for Petitioner.

Petitioner is entitled to the writ of mandamus. The writ is granted where a person has a legal right to insist that a certain act shall be done, the performance of which is by law made the duty of a public officer. (*Treadway* v. *Wright*, 4 Nev. 119; 3 Stephens' *Nisi Prius*, 2292; Redfield on Railways, 441 n. 5; *People* v. *Judge Wayne Co.* 1 Manning's; Michigan Rep. 359; *In the matter of Jas. Turner*, 5 Ohio, 542; Moses on Mandamus, chaps. 2 and 3; Stat. of Nev. 1869, 264.)

The justice has jurisdiction of the action against the county. (Stat. 1861, 127–8, sec. 11 and 23; Stat. 1864, 45, 138, sec. 3, 257, sec. 24; Constitution, Art. VI., sec 8; Art. VIII., secs. 2, 5, 10; Art. IX., sec. 4; 1 Comp. Laws, 1570.)

*A. C. Ellis*, for Respondent.

I. A justice's court has no jurisdiction of any suit against a county. (Comp. Laws, 100, 101, 102, 103.)

At common law a county could not be sued at all in any court; and the authority to sue being strictly statutory, the statute must be strictly pursued as to the tribunal in which the action may be brought and tried, the mode of service, etc. (*Gilman* v. *Contra Costa county*, 8 Cal. 57; *Hunsaker* v. *Borden*, 5 Id. 290; *Hastings* v. *San Francisco*, 18 Id. 57.)

A county is a part of the state, a political subdivision of the state, and the sovereign can never be sued without its consent, and in the courts which it prescribes. (*Sharp* v. *Contra Costa county*, 34 Cal. 291; *Clarke* v. *Lyon county*, 8 Nev. 185; *McBane* v. *The People ex rel. Stout*, 50 Ill. 506.)

II. The act of the legislature of the state of Nevada, approved March 8, 1865, entitled "An act to create a board of county commissioners in the several counties of this state, and to define their duties and powers," does not confer the right to sue a county. This statute does not deal with the jurisdiction of the courts. Its title in no sense so indicates. It creates and defines the powers of a body, different from the courts of the state, and without judicial powers and functions.

But so far as it may be claimed that this law confers or regulates the jurisdiction of the courts of the state, the law is clearly unconstitutional. It was not intended to and does not confer jurisdiction on the state courts. (Art. IV., sec. 17, Const; *Waitz* v. *Ormsby county*, 1 Nev. 374; *Clarke* v. *Lyon county*, 8 Id. 186.)

III. The jurisdiction of justices' courts is limited and special, and no presumption can be indulged in favor of their jurisdiction. (*Swain* v. *Chase*, 12 Cal. 283; *Rowley* v. *Howard*, 23 Id. 401; *King* v. *Randlett*, 33 Id. 318; *Paul* v. *Beegan*, 1 Nev. 327; *McDonald* v. *Prescott & Clark*, 2 Id. 109; *Paul* v. *Armstrong*, 1 Id. 82; *Mullett* v. *Uncle Sam M. Co.*, Id. 188; *Little* v. *Currie*, 5 Id. 90.)

By the Court, Beatty, C. J.:

This is an application for a peremptory writ of mandamus. The substance of the petition is that the petitioner in April,

1879, recovered a judgment against the county of Lincoln, in an action duly commenced in a justice's court; that the county appealed to the district court, and that the respondent, who is district judge, refuses to try the action, upon the ground that justices of the peace have no jurisdiction of actions against counties, and consequently that the district court could acquire no jurisdiction of this case, by appeal from the justice's court.

The respondent demurs, and answers at the same time. The answer, however, as well as the demurrer, admits all the allegations of the petition; and the new matter alleged on the part of the respondent was not proved, and is not relied on. The only question to be decided, therefore, is this: has a justice of the peace jurisdiction of an action against a county for a sum less than three hundred dollars? For, if he has, this case falls clearly within the rule of *Cavanaugh* v. *Wright*, 2 Nev. 166, in which it was held, or at least assumed—and we have no doubt correctly—that if upon a mistaken view of the law the district court refuses to try a cause, on the ground that it has no jurisdiction, and it clearly appears, from the admitted facts, that it has jurisdiction, and that all preliminary conditions to its action have been complied with, and the cause is still pending, in such case, if there is no other plain, speedy, and adequate remedy, this court should issue its mandate to the district court, to hear and decide such cause on its merits.

The decision in *Treadway* v. *Wright*, 4 Nev. 119, does not overrule that in *Cavanaugh* v. *Wright*, and if it be true that the distinction which it attempts to draw between the two cases is without any substance or validity, what follows is that the latter and not the former decision is wrong.

Returning, then, to the only question in the case, we are satisfied that the district court erred in holding that justices of the peace have no jurisdiction of actions against counties.

It is conceded that without express authority from the legislature a county can not be sued, and that the right to maintain such suits can only be enjoyed upon the condi-

tions which the legislature sees fit to impose. It is conceded also that the only statute authorizing suits against counties in this state is the act of the territorial legislature approved February 16, 1864. (Stats. 1864, p. 45.) But it does not follow, as claimed by respondent, that the only courts in which such suits can be brought are those which are mentioned in that statute; for if this was so, a county could no longer be sued at all, the courts therein mentioned (*i. e.* the United States district courts for the territory of Nevada) having been abolished by the adoption of the state constitution and the organization of the state government. There is no more identity between the district courts of the state of Nevada and the courts mentioned in the statute of 1864 than there is between those courts and the justices' courts. Yet it has never been questioned since the decision of *Waitz* v. *Ormsby County,* 1 Nev. 370, that the right to sue counties remains, notwithstanding the fact that the only courts in which the statute authorizes them to be sued were utterly abolished on the admission of Nevada as a member of the federal union. In that case and in every subsequent case in which a county has been sued, it was either expressly decided, or tacitly assumed, that the right to sue a county, conferred by the act of 1864, not being repugnant to anything in the constitution or subsequent state legislation, remained intact. But it was not held, and could not have been held, that the jurisdiction of such actions continued as therein prescribed. The courts then in existence had been abolished, and the jurisdiction of the new courts which were erected in their place had been regulated by constitutional provisions, applicable to all kinds of actions. Under those provisions the jurisdiction of an action against a county is determined by the same rule that determines the jurisdiction of actions against natural persons. If the subject-matter of an action is a money demand not exceeding three hundred dollars, the jurisdiction of the district court is excluded (Constitution, Art VI., sec. 6), and it must belong (originally) to the justices' courts if the right of action exists. (Constitution, Art. VI, sec. 8, and Statutes 1864–5, p. 114, sec. 29.)

That the right to sue a county on demands under as well as over three hundred dollars does exist can not be doubted. The statute of 1864 confers it, and nothing in the constitution or any subsequent statute has taken it away. But the jurisdiction of all such actions has been vested in other courts, and whether it belongs to the district court or to a justice of the peace is determined in each individual case by the subject-matter of the action, *i. e.* the amount involved. As the amount involved in petitioner's action against Lincoln county was less than three hundred dollars, it follows that the action was properly commenced in justice's court, and that the district court has jurisdiction of the appeal.

It is, therefore, ordered that the peremptory writ issue as prayed for. ·

HAWLEY, J., concurring. :

There is, in my opinion, a wide, plain and clear distinction, in principle, between the cases of *Cavanaugh* v. *Wright,* 2 Nev. 166, and *The State ex rel. Treadway* v. *Wright,* 4 Nev. 119. In my judgment both cases are correct.

In every case where an appeal has been taken from the justice's court it is the duty of the district judge, upon proper request, to make such disposition of the case as, in his judgment, the law and facts may warrant.

If he proceeds and disposes of the case, the writ of mandamus cannot be used to review his action. But if he refuses, the writ will be issued to compel him to act. As the district judge refused to act, I concur in the order directing the issuance of the writ.