LARS HANSEN, PLAINTIFF, *v.* A. J. ANDERSON AND H. H. ROLAPP, JUDGE OF THE SECOND JUDICIAL DISTRICT COURT, DEFENDANTS.

SUPREME COURT — POWERS OF — BY CERTIORARI — UNDER SEC. 4, ART. 8, CONST., AND SEC. 3630, R. S. 1898. APPEAL — FROM JUSTICE OF THE PEACE — UNDERTAKING — DEPOSIT — SECS. 3747 AND 3748, R. S. 1898.

*Supreme Court — Powers of — by Certiorari — Under Sec. 4, Art. 8, Const., and Sec. 3630, R. S. 1898.*

Under Section 4, Article 8, of the constitution, and Section 3630, R. S. 1898, the supreme court may, by *certiorari*, review the

decisions and judgments rendered by district courts, in cases appealed from justices of the peace, but *only* when district courts exceed their jurisdiction or fail to acquire jurisdiction.[1]

*Appeal — From Justice of the Peace — Undertaking — Deposit — Secs. 3747 and 3748, R. S. 1898.*

> Sections 3747 and 3748 refer to one undertaking only, and it is optional with an appellant in taking his appeal to either file an undertaking as provided in Sec. 3747, or make a deposit as provided in Sec. 3748.

(Decided April 9, 1900.)

Original application in this court for a writ of *certiorari* to review the action of the district court in and for Weber County, in refusing to dismiss an appeal from justice's court, upon the ground that no appeal bond had been filed as provided by Section 3747, R. S. 1898. *Writ denied.*

*M. D. Lessenger, Esq.*, for plaintiff.

*N. J. Harris, Esq.*, for defendant.

STATEMENT OF FACTS.

This is an application for a writ of *certiorari*. It appears from the petition and affidavit of the applicant that Anderson, one of the defendants, brought an action against the plaintiffs in a justice of the peace court of Weber County, and subsequently appealed the case to the district court for said county. Anderson, the plaintiff and appellant in said action, failed to file an appeal bond, but in lieu thereof deposited $13 with the justice of the peace before whom the case was tried, the same being the amount of the judgment for costs rendered against him in the justice court. Larsen, the defendant in said ac-

---

[1] *Crooks v. Fourth District Court*, 21 Utah, 98, distinguished.

tion, and plaintiff in the case at bar, moved the district court to dismiss the appeal on the ground that no appeal bond had been filed as provided by Sec. 3747, Rev. Stat., relating to appeals from justice of the peace courts to the district courts. The district court overruled the motion to dismiss, and proceeded to try the case, and submitted the issues to a jury, which resulted in a verdict against Larsen, the defendant in the case. Thereupon Larsen filed in this court the petition above mentioned. A writ and an order to show cause were issued *ex parte*.

Defendants have demurred to the petition on the ground that said petition shows that the district court and the judge thereof proceeded in the regular manner, and within the jurisdiction of said court, and that this court has no jurisdiction to issue the said writ nor to hear and determine the same. Defendants also filed a motion to quash the writ and the order to show cause.

*Mc Carty, Dist. Judge*, after stating the facts, delivered the opinion of the court.

There are two questions presented by the pleadings in this case. 1st. Has this court jurisdiction to review by writ of *certiorari* the decision of the district courts rendered in cases appealed from justices of the peace, when the district courts have exceeded their jurisdiction in such cases? 2d. Did the district court in the case at bar exceed its jurisdiction by overruling the motion to dismiss the appeal, and in proceeding to try the case?

Sec. 4, Art. 8, Const. Utah, provides that the supreme court shall have original jurisdiction to issue certain writs therein enumerated, one of which is the writ of *certiorari*. This provision of the constitution invests this court with the general common law powers, heretofore

exercised by courts of general jurisdiction over inferior courts, to review by *certiorari* the proceedings of inferior tribunals. Sec. 3630, Rev. Stat., Utah, provides that, " A writ of review (*certiorari*) may be granted by the supreme court, or a judge thereof, when an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court or judge, any plain, speedy, and adequate remedy." Unless there is some other provision of the constitution limiting the general powers thus conferred, it is manifest that by virtue of the foregoing provisions of the constitution and revised statutes this court has jurisdiction and power to review by *certiorari* the decisions and judgments of the district courts in cases appealed from the justices of the peace when the district courts have exceeded their jurisdiction in such cases. Counsel for defendants contend that such a limitation is to be found in Sec. 9, Art. 8, Const., which in so far as material to the questions involved in this case proceeds: " Appeal shall also lie from the final judgment of justices of the peace in civil and criminal cases to the district courts . . . with such limitations and restrictions as shall be provided by law; and the decision of the district courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute." We think the position of counsel on this point is untenable, and that the provisions of the constitution do not expressly nor by implication support such a contention. The language above quoted, of the constitution unquestionably has reference to appeals taken in the mode provided by law, that is taken in such a manner as to confer jurisdiction in the courts appealed to; and unless the provisions of the statutes providing for appeals from justices

21 Utah—19

of the peace to the district courts are substantially complied with, the district courts fail to acquire jurisdiction to proceed to try the cases so appealed.

Mr. Elliott, in his work on Appellate Procedure, Sec. 19, states the rule, as follows: "It may be said with accuracy that the general rule is that where a valid statute provides the mode of reviewing the judgment, that mode must be pursued. This question connects itself with the general subject of appellate jurisdiction, inasmuch as a court can not have authority over a case where parties assume to bring it within the authority of the court in a mode wholly unauthorized by law."

Mr. Works, in his treatise on Jurisdiction, Sec. 99, says: "The right of appeal is statutory and the statute must be followed, or the appellate court will have no jurisdiction." 2 Enc. Pl. & Pr., 16, and cases cited; 12 Enc. Pl. & Pr., 120.

The final decisions mentioned in the foregoing provisions of the constitution, when applied to judgments, refer to valid judgments only, that is, such decisions and judgments as the district courts acquire jurisdiction to render. The rule has become elementary that the judgment rendered by a court having no jurisdiction is void, and a mere nullity, and has no binding force whatever. 1 Freeman on Judg., Sec. 117; 1 Black on Judg., Sec. 218.

The doctrine, we think, is correctly stated in one of the early decisions of the United States Supreme Court in the following language : " Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But if it act without authority, its judgments and orders are regarded as nullities. They

are not voidable but simply void, and form no bar to a recovery sought, even prior to a reversal, in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences are considered in law as trespassers." *Elliott* v. *Peirsol*, 1 Pet., 328; *Latham* v. *Edgerton*, 9 Cowan, 227.

Sec. 3183, Rev. Stat., defines a judgment to be a final determination of the rights of parties to an action or proceeding; therefore, to give to the provisions of the constitution under consideration the sweeping force and effect contended for by defendants would be to secure judgments rendered in such cases secure against either direct or collateral attacks, however utterly and palpably void they might be for want of jurisdiction. We do not think that such could have been the intention of the framers of the constitution, as it would bring the Section under consideration in conflict with Sec. 7, Art. 1 of the same instrument, which provides that no person shall be deprived of property without due process of law. Black on Judg., Sec. 218.

The contention that this court has jurisdiction and power to review, by writ of *certiorari*, the decisions and judgments of the district courts in cases appealed from the justices of the peace, when the district courts in such cases exceed their jurisdiction, is not without authority to support, even in the face of the provisions of Sec. 9, Art. 8 of the constitution.

Mr. Spelling, in his work on Extra. Relief, Sec. 1921, says: "As a general rule, when no mode is provided by statute for the exercise by higher courts of the superintending control which they have over inferior courts, or of their appellate jurisdiction from the orders and judgments of such courts, *certiorari* lies to correct irregularities in their proceedings. And though a statute declares that

no appeal shall be allowed from an inferior tribunal, but that its decision shall be final, yet the supreme court may review those decisions on *certiorari.*"

The case of *Lawton* v. *Commissioners of Cambridge* (*N. Y.*), 2 Caines, 179, was an action taken from the determination of the Commissioners of Highway to a court of common pleas. The New York statutes declared the decision of the judges of the common pleas on appeal made to them in such cases to be conclusive. Notwithstanding this provision of the statute the supreme court held that it had jurisdiction to review the proceedings of the court of common pleas by writ of *certiorari.* This rule is supported by the following authorities: *Murfree* v. *Leeper*, 1 Overton (Tenn.); Ex parte Roe, T. U. P. Charlt. (Ga.), 38; *Philadelphia County* v. *Spring Garden*, 6 S. & R. (Pa.), 524; *Morris Canal, etc., Co.* v. *Mitchell*, 31 N. J. L., 99.

The case of *Crooks* v. *Fourth Judicial District Court*, 21 Utah, 98; 59 Pac. Rep., 572, relied upon by defendants, is not in point, as an entirely different question was involved in that case from the questions under consideration in the case at bar. In that case a motion was made to dismiss the appeal on the ground that it was not taken within the time required by law. The court having jurisdiction to decide the issues raised by the motion, its decision dismissing the appeal was not subject to review by this court by a writ of *certiorari*, even though the court may have erred in its judgment. If the appeal in that case was properly taken and the requirements of the statute complied with, and the court failed to exercise the jurisdiction conferred upon it by virtue of the appeal and refused to proceed with the trial, the plaintiff's remedy was by writ of *mandamus*, and not by *certiorari.*

In the case of the *State* v. *Superior Court of Jefferson*

*County*, 8 Wash., 271, cited by this court in support of the conclusions reached in the Crooks case, *supra*, the district court made an order that the new matter or affirmative defense pleaded in answer to the complaint be made more definite and certain. Upon the failure of the defendant to amend, the court struck out the entire answer, including the direct denial. The defendant sought to have the action of the district court reversed by *certiorari*. The supreme court denied the writ, but in the course of the opinion says: " The district court had jurisdiction of the subject matter and of the parties to the action." The decision rather tends to support the views herein expressed than the contention of defendants, else why did the supreme court expressly find that the district court had jurisdiction when the question of jurisdiction was neither even raised nor challenged.

We are of the opinion, and so hold, that this court may by *certiorari* review the decisions and judgments rendered by the district courts in cases appealed from the justices of the peace when the district courts in such cases exceed their jurisdiction and fail to do substantial justice. The constitution having provided that all decisions of the district court in cases appealed to said courts from the justices of the peace shall be final, this court can only review by *certiorari* the judgments and decisions of the district courts in such cases when they exceed their jurisdiction, or fail to acquire jurisdiction.

Having determined that this court has jurisdiction to review, by writ of *certiorari*, the decisions rendered by the district courts, in the class of cases under consideration, we now come to the remaining question for our consideration in this case; viz., Did the district court exceed its jurisdiction by overruling the motion to dismiss the appeal and in proceeding to try the case?

Section 3747, Rev. Stat. Utah, so far as is material in this case, provides that, "An appeal from a justice's court shall not be effectual for any purpose unless an undertaking be filed within five days after filing the notice of appeal, with two or more sureties in the sum of one hundred dollars, for the payment of the costs on appeal, and if a stay of proceedings be claimed, in a sum equal to twice the amount of the judgment, including costs when the judgment is for the payment of money." Sec. 3748, so far as material here, is as follows: "When an undertaking on appeal is filed, notice of such filing shall be given to the respondent. . . . A deposit of the amount of the judgment appealed from including all costs . . . with the justice shall be equivalent to the filing of an undertaking mentioned in this section."

Counsel for plaintiff insists that the two sections should be read and construed as one section, and that the deposit mentioned in Sec. 3748 can be made for the purpose only of staying proceedings on appeal, and that such deposit does not relieve the appellant from filing an undertaking on appeal as provided in Sec. 3747.

We do not think the sections referred to when read and construed together or separately will admit of the construction contended for by counsel.

The language of the statute is free from ambiguity and plainly shows that one undertaking only is referred to or contemplated, and that a deposit as provided in Sec. 3748 may be made in lieu of such undertaking, that is, it is optional with the appellant in taking his appeal to either file an undertaking as provided in Sec. 3747, or make a deposit as provided in Sec. 3748.

We are of the opinion, and so hold, that the district court did not exceed its jurisdiction in the trial of this case; therefore the motion to quash the writ must prevail, and it is so ordered.

Costs to be taxed against the plaintiff.

BASKIN, J., concurs.

I am of the opinion that the writ in this case ought to have been quashed and denied, on the ground that this court, under Sec. 9, Art. 8, Const., is powerless to review, either by *certiorari* or appeal, a decision of a district court, made in any case appealed to that court from a justice of the peace. Such has been the uniform holding of this court since the adoption of the constitution.

I am, therefore, unable to concur in the reasoning contained in the opinion of my brethren in this case.

BARTCH, C. J.