[No. 2070]

ELIZABETH FLOYD AND JAMES GUTHRIE, PETITIONERS, v. THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF NEVADA, IN AND FOR THE COUNTY OF HUMBOLDT, AND HON. L. N. FRENCH, JUDGE OF THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, RESPONDENTS.

1. MANDAMUS—PURPOSE OF WRIT—COMPELLING JUDICIAL ACTION.
    While errors committed in the exercise of a judicial discretion cannot be reviewed or corrected by *mandamus*, if the district court erroneously decides that it has no jurisdiction and refuses to hear an appeal from a justice's court pursuant to the constitution, art. 6, sec. 6, as by dismissing the appeal, *mandamus* is the proper remedy to compel it to assume jurisdiction and proceed.

2. MANDAMUS—PURPOSE OF WRIT—CONTROL OF INFERIOR COURTS.
    An inferior court which erroneously refuses to entertain jurisdiction on a matter preliminary to a hearing on the merits, may be required to proceed by *mandamus*.

3. JUSTICES OF THE PEACE—COSTS BOND—FORM.
    The Nevada statute (Comp. Laws, 3679) provides that an appeal from a justice's court shall not be effectual unless an undertaking be filed in the sum of $100 in gold coin, for the payment of the costs on appeal, and further provides that a deposit of the amount of the judgment appealed from, including all costs, "shall be equivalent to the filing of the undertaking in this section mentioned." *Held*, that a deposit with a justice of a sum equal to the amount of the judgment appealed from, including costs, is equivalent to the filing of an undertaking for the payment of the costs on appeal. Whether such deposit is sufficient to also stay execution, not determined.

ORIGINAL PROCEEDING. Application by Elizabeth Floyd and James Guthrie for a writ of mandate against the Sixth Judicial District Court in and for Humboldt County,

and Honorable L. N. French, Judge of the Eighth Judicial District Court, presiding. **Writ issued.** Petition for rehearing. **Denied.**

The facts sufficiently appear in the opinion.

*W. H. Dial* and *R. Gilray,* for Petitioners.

*Salter & Robins,* for Respondents.

By the Court, McCARRAN, J.:

In this case judgment was rendered against the petitioners in the justice court of Union township, Humboldt County, Nevada, for the sum of $300, and for the further sum of $105.75, assessed as costs. Within the time prescribed by statute the petitioners filed and served notice of appeal to the District Court of the Sixth Judicial District, in and for Humboldt County, and on the same day, and after the filing and service of said notice of appeal, petitioners deposited with the justice of the peace the sum of $405.75 in gold coin.

This fact is evidenced by the minutes of the justice court as follows: "That heretofore, on the 11th day of September, 1911, defendants appeared herein by their attorney, R. Gilray, Esq., and filed herein notice of appeal in writing, and deposited with the justice of said court the sum of $405.75, the amount of the judgment appealed from including costs. J. T. Dunn, Justice of the Peace."

Following this is the further entry of the justice of the peace, as follows: "Sept. 11th, Oastler v. Floyd. Notice of appeal filed by deft. and $405.75 paid into court in lieu of appeal bond. $2.00 appeal fees paid."

Subsequent to this the justice of the peace deposited with the clerk of the district court a certified copy of his docket and the papers filed in the case, and also the sum of $405.75, deposited with him as hereinabove set forth. The plaintiffs in the justice court moved the district court to dismiss the appeal on the ground that more than thirty days had elapsed since the judgment was made and rendered in the justice court, and that no undertaking

had been filed in said justice court in the sum of $100 for the payment of costs on appeal. The motion to dismiss was granted, and an order dismissing the appeal was entered. Petitioners ask that a writ of mandate issue out of this court directing the district court to take cognizance and jurisdiction of the said case and try and determine the same on its merits.

To the petition filed herein a demurrer is interposed on the ground that the petition does not state facts sufficient to authorize a writ of mandate, for the reason that it appears from the petition that respondent Judge French proceeded with the case, and decided that a certain sum of money deposited with the justice of the peace was made in lieu of the undertaking to stay proceedings, and that there was no undertaking or deposit on appeal. Respondents in their demurrer rely on former decisions of this court, and say: "Assuming that the action of the respondent judge was error, still it was within the exercise of jurisdiction, and *mandamus* will not lie to review its action." In support of their contention they cite: *State, ex rel. Treadway,* v. *Wright,* 4 Nev. 119; *Andrews* v. *Cook,* 28 Nev. 269; *Breckenridge* v. *Lamb,* 34 Nev. 275.

The primary question to be determined in this proceeding is: "Will *mandamus* lie to review the action of the district court and to compel the district court to proceed in a case in which that court has divested itself of jurisdiction by erroneously dismissing an appeal? There is no controversy in this case respecting the facts, as set forth in the petition, and respondents in this matter rely entirely upon the doctrine, as previously announced by this court, that where the district court erroneously divests itself of jurisdiction to try a cause appealed from a justice court, its action in that respect is final and will not be disturbed. As early as 4 Nevada this court laid down the rule that where, in matters of this kind, the district court made an order disposing of a cause, no matter how erroneous it may have been, it could not be reviewed in this court. This principle has

been followed in all of the cases in which the matter has been presented, and in a recent decision (*Andrews v. Cook, supra*) this court approvingly quoted the language of Lewis, J., in the Treadway case, *supra,* and also the language of Hawley, J., in the case of *Floral Springs W. Co.* v. *Rives,* 14 Nev. 431. In the case of *Breckenridge* v. *Lamb,* 34 Nev. 275, this court again gave sanction to the rule in a statement to the effect that the action of the district court in dismissing a matter appealed from the justice court, even though erroneous, was final and not subject to review.

The rule laid down by this court in the several cases heretofore referred to was concurred in by courts of last resort of other jurisdictions, and the Supreme Court of California, in the case of *Buckley* v. *Superior Court of Fresno County,* 96 Cal. 119, 31 Pac. 8, expressly overruled their former decisions relative to this matter, and by a divided court laid down the new rule to the effect that where the superior court had dismissed an appeal from a justice court, though erroneous, was nevertheless final, and a writ of review would not lie. This doctrine, however, as annunciated in the Buckley case, *supra,* was overruled in the case of *Golden Gate Tile Co.* v. *Superior Court of California and City and County of San Francisco, et al.,* 159 Cal. 474, 114 Pac. 978, and in the case of *Edwards, et al.,* v. *Superior Court of Alameda County,* 159 Cal. 710, 115 Pac. 649, and the rule set forth in the former decisions again annunciated.

**1.** In the case at bar the dismissal of the appeal was a refusal on the part of the court to give appellant a hearing in the case. In a case where the district court takes jurisdiction and acts, its acts will not be subject to review by a writ of mandate, but where such tribunal refuses to take jurisdiction at all, when by law it ought to do so, or where having obtained jurisdiction it refuses to proceed in its exercise, *mandamus* is the proper remedy. Errors committed in the exercise of judicial discretion cannot be made the subject of review, nor can they be corrected by a writ of *mandamus,* but where a district court erroneously decides that it has no jurisdiction, the writ of

*mandamus* is the proper remedy to compel that tribunal to do that which the law prescribes it should do—assume jurisdiction and proceed with the cause. (*Hollon·Parker, Petitioner*, 131 U. S. 221, 9 Sup. Ct. 708, 33 L. Ed. 123.) The dismissal of a case is a refusal on the part of the dismissing court to hear and determine the cause, and the party aggrieved in such a proceeding may properly invoke a writ of *mandamus* to compel the court to set the case and proceed to its determination. (*Harrington v. Holler*, 111 U. S. 796, 4 Sup. Ct. 697, 28 L. Ed. 602.) The right of a party litigant to a judgment of a court upon the merits of the matter litigated is the fundamental aim of the law. The object of courts primarily is that they should assume the function of legal and equitable arbiters and decide controversies upon their merits.

2. While it may be said that in cases of this character the lower court had jurisdiction to grant or deny a motion to dismiss, nevertheless that court could not refuse to hear a matter upon its merits when it was regularly before it for that purpose, nor could it divest itself of jurisdiction by an erroneous order any more than it could assume jurisdiction by arbitrarily saying that it had the right to proceed. The rule has been approvingly stated to the effect that where an inferior court refuses to entertain jurisdiction on a matter preliminary to a hearing on the merits, the writ of *mandamus* may be resorted to for the purpose of requiring the court to proceed. (*Brown v. Min. Co.*, 105 Mich. 653, 63 N. W. 1000; *Castello v. St. Louis Circuit Court*, 28 Mo. 259.)

Mr. Bailey, in his treatise on the Law of Special Remedies, dwelling upon the subject of *Mandamus* and referring to the rule as stated above, says: "I observe that it has been contended by some judges and law-writers that this rule (if it be a rule) extends to embrace erroneous construction of some question of law or of practice which is preliminary to the whole case. If it were confined to questions relating to the power or jurisdiction of the court, then there is abundant authority for the position assumed. If, on the other hand, it is intended to assert that the rule embraces all cases where

the court refuses to proceed to the merits, .then I should very much doubt the application of any such rule. Courts often err in determining questions of law or practice upon demurrer or motion, whereby the merits of an action are not reached, and the party has an adequate remedy by appeal or writ of error. If *mandamus* would lie, it certainly would transform that writ into a writ of error." (Bailey on *Habeas Corpus,* vol. 2, p. 883.) .

It has been well stated, in substance, that, although a writ of *mandamus* is not a means by which the manner of conducting proceedings, the rulings of a court upon questions of evidence, or jurisdictional matters involving the merits can be reviewed, its scope, however, embraces the right of the reviewing court to compel an inferior tribunal to proceed in a case where, by an erroneous ruling, it has divested itself of jurisdiction. (*Golden Gate Tile Co.* v. *Superior Court of California and City and County of San Francisco, et al.,* 159 Cal. 474, 114 Pac. 978.)

The jurisdiction of the district courts of the State of Nevada is prescribed by section 6, article 6, of the constitution of the state, which is in part as follows: "They shall, also, have final appellate jurisdiction in cases arising in justices' courts and such other inferior tribunals as may be established by law." This constitutional grant of jurisdiction is also a prescription that the district court must assume final appellate jurisdiction in cases arising in a justice court, and hence it is the duty which the district court cannot either refuse or divest itself of, and when the record in a case discloses that the cause should be heard on its merits, the dismissal of the appeal is a refusal on the part of the court to entertain the cause, and such refusal is properly the subject for the issuance of a writ of *mandamus.* (*Levy* v. *Superior Court,* 66 Cal. 292, 5 Pac. 353; *State* v. *District Court,* 13 Mont. 370, 34 Pac. 298; Bailey on *Habeas Corpus,* vol. 2, p. 893.)

As was said by Judge Beatty, speaking for the Supreme Court of California in the case of *Edwards, et al.,* v. *Superior Court,* 159 Cal. 710, 115 Pac. 650, when according

to the uncontroverted facts it appears that an appeal to the district court has been duly perfected and diligently prosecuted, a dismissal of such appeal is in fact nothing more nor less than an attempted abdication of the jurisdiction which the court is bound in every proper case to exercise. In other words, it is a refusal to decide a cause which it is a plain statutory duty of the court to decide, the remedy for which dereliction is the writ of mandate.

The Supreme Court of Utah, in touching upon the subject, annunciated the doctrine in substance that, where an appeal was properly taken and the requirements of the statute complied with, and the court failed to exercise the jurisdiction conferred upon it by virtue of the appeal and refused to proceed with the trial, the plaintiff's remedy was by *mandamus*. (*Hansen* v. *Anderson, et al.*, 21 Utah, 286, 61 Pac. 219.)

The rule applicable to the issuance of a writ of *mandamus*, in matters of this character, as first asserted in the case of *Treadway* v. *Wright*, 4 Nev. 119, and subsequently adhered to in several decisions by this court, is, to say the least, a harsh one, and to our mind fails to carry out the spirit of the law. Summed down to a nicety, it means that the action of the district court in dismissing an appeal from the justice court, regardless of how glaring the error may be, is without the scope of review and beyond the power of relief by a higher tribunal.

It is in the justice court that the small controversies of the business world are litigated. It has been termed with more or less propriety "the poor man's court," and our legislature in enacting its earlier laws recognized this as being generally true, and made the forms of pleadings and rules of practice much more simple than in other courts.

To say that a justice court litigant, desirous of presenting his cause to the district court and being denied that privilege by a ruling of that court, which ruling is manifestly

and palpably erroneous, cannot be relieved of the effects
of that error by the mandate of this court is to our mind
so harsh as to be without the pale of the true intendment
of the law. It is our judgment that the better rule is
that as stated by the Supreme Court of California in the
case of *Golden Gate Tile Co.* v. *Superior Court, supra,* and
approved in the case of *Edwards* v. *Superior Court of
Alameda County,* 159 Cal. 710, 115 Pac. 649; the same rule
being followed in the cases of *State* v. *District Court,*
13 Mont. 370, 34 Pac. 298, and *Hansen* v. *Anderson,* 21
Utah, 286, 61 Pac. 219.

It follows from the foregoing reasoning that the rule
heretofore announced by this court, having its inception
in the case of *State, ex rel. Treadway,* v. *Wright,·* and
adhered to in all cases down to and including *Ex Parte
Breckenridge,* 34 Nev. 275, should be, and they are hereby,
expressly overruled.

**3.** Having determined that this court is invested with
jurisdiction to compel, by writ of *mandamus,* the district
court to proceed in a case where it has refused to take
jurisdiction, or where, by an erroneous ruling, it has
divested itself of jurisdiction, we now come to the
remaining question for our consideration in this case,
viz: Did the district court erroneously divest itself of
jurisdiction by sustaining the motion to dismiss the
appeal?

Section 3679 of the Statutes of Nevada, applicable
at the time at which this appeal was taken (Cutting's
Compilation), is as follows:

"An appeal from a justice's court shall not be effectual
for any purpose unless an undertaking be filed, within
five days after filing the notice of appeal, with two or
more sureties, in the sum of one hundred dollars, in gold
coin of the United States, for the payment of the costs
on the appeal, or if a stay of proceedings be claimed, in
a sum equal to twice the amount of the judgment,
including costs, when the judgment is for the payment
of money, or twice the value of the property, including
costs, when the judgment is for the recovery of specific

personal property, and shall be to the effect, when the action is for the recovery of money, that the appellant will pay the amount of the judgment appealed from, and all costs, if the appeal be withdrawn or dismissed, or the amount of any judgment, and all costs that may be recovered against him in said action in the district court. * * * A deposit of the amount of judgment appealed from, including all costs, or of the value of the property, and all costs, in actions for the recovery of specific personal property, with the justice, shall be equivalent to the filing of the undertaking in this section mentioned."

It will be observed that in this case counsel for petitioners sought to avail themselves of the latter part of section 3679, set forth above, and under the provisions of that section they deposited, as appears from the record, a sum amounting to the judgment appealed from, including all costs. This the statute provides is equivalent to the filing of an undertaking, mentioned in the first part of the section.

The learned judge of the lower court in dismissing the appeal took the position that the deposit could only serve the purpose to take the place of an undertaking to stay proceedings, and that the deposit could not be taken in lieu of an undertaking for costs on appeal. It is our judgment that the section referred to will not admit of the construction placed upon it by respondent. The language of the statute is plain and obvious; moreover, in our judgment, it is free from ambiguity. By this statute one undertaking, and only one, is contemplated to make an appeal effectual to the extent of giving the district court jurisdiction, and a deposit as provided for in the latter part of the section may be made in lieu of such undertaking, *i. e.*, it is optional with the appellant in taking his appeal to either file an undertaking, as provided for by the first part of section 3679, or make a deposit, as provided for by the latter part of the same section. When a litigant, with the view of perfecting an appeal from the justice court, deposits with the justice

of the peace.a sum of money equal to the amount of the judgment appealed from, including all costs, this act on his part is equivalent to the filing of the undertaking, mentioned in the first part of the section, to make the appeal effectual.

The docket entry and minutes of the justice of the peace recite that the deposit was made "in lieu of appeal bond." In the case of *State* v. *Brown*, 30 Nev. 500, this court in passing upon the sufficiency of an undertaking said: "Whether or not it was the intention of the defendant by this undertaking to procure a stay of proceedings is immaterial so far as the proceeding in this court is concerned. If it is good as an undertaking to pay the costs on the appeal, it is sufficient to clothe the district court with jurisdiction, whether it is sufficient to accomplish any other purpose or not. * * * As the undertaking does not express a condition that it is given to stay proceedings, it would be unwarranted to read such a condition into the bond when so to do would destroy its effect."

The question of the stay of proceedings is not before us at this time, and it is not necessary for us to dwell upon that phase of the statute. (*Hansen* v. *Anderson*, 21 Utah, 286, 61 Pac. 219; *Edwards* v. *Superior Court of Alameda County*, 159 Cal. 710, 115 Pac. 649; *State* v. *Brown*, 30 Nev. 495.)

From the foregoing it follows that the district court, and Judge L. N. French presiding, erroneously divested itself of jurisdiction, and the writ prayed for should issue, and it is therefore ordered that a peremptory writ issue out of this court, directing the Sixth Judicial District Court of the State of Nevada and Judge L. N. French, presiding in this case, to take cognizance and jurisdiction of said cause, and to proceed to try and determine the same on its merits.

TALBOT, C. J.: I concur.

NORCROSS, J., concurring:

I concur in the opinion and order of my learned associate. However, as the decision in this case reverses

a number of former decisions of this court, I feel that the question is deserving of some further comment. This court in a number of cases has had occasion to say, as other courts have said, that, where a question of law has once been determined, the ruling thereon should not be changed, except for very weighty and conclusive reasons. Especially is this true where the decision has repeatedly been followed. This rule applies with particular force to decisions upon mere questions of practice. (*Reese M. Co.* v. *Rye Patch M. Co.*, 15 Nev. 341; *State* v. *Brown*, 30 Nev. 495.)

The question of the power of a district court to dismiss an appeal regularly taken is something more than a question of practice. It is a question of fundamental law. Some extended examination into the decisions of the courts of the various states which have had occasion to consider the question discloses that it has been found to be one that has given rise to much difference of opinion. Not only have the courts of one state disagreed with the courts of another state upon the question, but the opinions of the same court have varied. Particularly has this been the case in our sister jurisdiction of California.

In *People* v. *Weston*, 28 Cal. 639, the court, by Sawyer, J., in denying a writ of *mandamus*, held that a dismissal of an appeal from a justice's court was a judicial act within the jurisdiction of the county court and "its determination, though erroneous, is final."

In *Lewis* v. *Barclay*, 35 Cal. 214, the same question was involved and the ruling the same. See, also, *Beguhl* v. *Swan*, 39 Cal. 411.

In *Levy* v. *Superior Court* 66 Cal. 292, 5 Pac. 353, *Hall* v. *Superior Court*, 68 Cal. 24, 8 Pac. 509, and *Carlson* v. *Superior Court*, 70 Cal. 628, 11 Pac. 788, it was held that the superior court could not divest itself of jurisdiction by the erroneous dismissal of an appeal from a justice's court.

These latter cases were all reversed by the case of *Buckley* v. *Superior Court*, 96 Cal. 119, 31 Pac. 8, decided by a divided court.

In the case of *Golden Gate Co.* v. *Superior Court*, 159 Cal. 474, 114 Pac. 978, the Buckley case was reversed. The overruling of the Buckley case has been emphasized by the case of *Edwards* v. *Superior Court*, 159 Cal. 710, 115 Pac. 649, and a number of other decisions by the Supreme Court and the Court of Appeals of California. We may, I think, safely conclude that our sister jurisdiction has finally settled the question to its satisfaction.

The Supreme Court of Utah, by a divided court, in the case of *Crooks* v. *District Court*, 21 Utah, 98, 59 Pac. 529, followed the Buckley case in 96 Cal., but in the more recent case of *Griffin* v. *Howell*, 38 Utah, 357, 113 Pac. 326, it is held that: "A court having conferred upon it jurisdiction may not divest itself of jurisdiction not depending upon facts, by an erroneous decision on matters of law that it has no jurisdiction." *Mandamus* was accordingly issued to reinstate an appeal, erroneously dismissed, and to proceed with the cause.

The Supreme Court of Montana, in *State* v. *District Court*, 24 Mont. 494, 498, 62 Pac. 820, also followed the Buckley case, but in both prior and subsequent decisions that court has held that *mandamus* will lie to compel a district court to proceed and try a case, where it has refused to take cognizance of the same under a mistaken view that it was without jurisdiction. (*State* v. *District Court*, 38 Mont. 166, 99 Pac. 291, 35 L. R. A. n.s. 1098, 129 Am. St. Rep. 636.)

In *State* v. *Phillips, et al., Judges*, 97 Mo. 331, 10 S. W. 855, 3 L. R. A. 476, decided in 1888, the court says: "The same diversity of opinion as to when the action of the lower courts, in dismissing appeals, can be corrected by *mandamus* is exhibited in England as in this country. These numerous citations of authorities have been made as showing that the rule of law is by no means well settled that the improper dismissal of an appeal cannot be remedied by *mandamus*."

The courts have universally held that a mere refusal of an inferior court to proceed with the trial of a case, because of an erroneous view that it was without jurisdiction, could be remedied by *mandamus* and the court

compelled to proceed with the trial. Such was the ruling of this court in *Cavanaugh* v. *Wright,* 2 Nev. 166, and in *Floral Springs Water Co.* v. *Rives,* 14 Nev. 431. The opinion in the latter case was by Chief Justice Beatty, now holding the same high position in the Supreme Court of California. Judge Beatty, both as a member of this court and as a member of the California court, has always held to the position that the dismissal of an appeal regularly taken from a justice's court was not a judicial act within the jurisdiction of the court, and hence not subject to review, but amounted to nothing more nor less than an attempted abdication of a jurisdiction which the court is bound, in every proper case, to exercise. (*Edwards* v. *Superior Court, supra.*)

In the Floral Springs case, *supra,* relative to the cases of *Treadway* v. *Wright* and *Cavanaugh* v. *Wright, supra,* Beatty, C. J., said: "The decision in *Treadway* v. *Wright,* 4 Nev. 119, does not overrule that in *Cavanaugh* v. *Wright,* and if it be true that the distinction which it attempts to draw between the two cases is without any substance or validity, what follows is that the latter and not the former decision is wrong." Hawley, J., however, in his concurring opinion, expressed the view that both the Cavanaugh and Treadway opinions were correctly decided.

When the case of *Andrews* v. *Cook,* 28 Nev. 265, was before this court, we were asked to grant the writ upon the authority of the cases in the 66, 68, and 70 California Reports, cited *supra,* but upon examination we found those authorities all to have been overruled by the Buckley case in 56 Cal., which case was in line with certain prior decisions of this court, particularly *Treadway* v. *Wright, supra.* The decision in the Andrews case has been repeatedly affirmed, but, until the present case, we have not been asked to reconsider the basic question upon which those decisions rest.

The difference in the conclusions reached in the various opinions depends entirely upon the assumption which forms the premise of the opinions in question. If it is assumed that a dismissal of an appeal, regularly taken, is a judicial act within the jurisdiction of the court, the

conclusion logically follows that the determination of the court is final, notwithstanding such determination is erroneous as a matter of law. Upon the other hand, if it is assumed that, when jurisdiction to proceed and determine a cause is once properly vested in a court, it is without power to divest itself of such jurisdiction, the conclusion likewise logically follows that an order, erroneously made, dismissing such an appeal, is void, and amounts to no more than a refusal to regularly proceed and determine the cause.

The question then resolves itself down to what is meant by appellate jurisdiction or "final appellate jurisdiction," as that term is used relative to district courts in our constitution.

Jurisdiction has been defined in general terms as: "The authority or power which a man hath to do justice in cause or complaint brought before him; the power of hearing and determining causes and of doing justice in matters of complaint." (24 Cyc. 375.)

It has also been defined as: "The power and authority to declare the law; the right of administering justice through the laws." "The term imports authority to expound or apply the laws, and excludes the idea of power to make the laws." (11 Cyc. 659, 660.)

Many similar definitions have been given. In *Cavanaugh v. Wright, supra*, this court said: "We think, as used in the constitution, the phrase 'appellate jurisdiction' * * * was intended to confer jurisdiction upon the district courts to hear cases on appeal, either in the strictest sense, which would require a trial *de novo*, or to review them as law cases are reviewed at common law."

When an appeal from a justice's court is taken as the law prescribes, the district court is invested with jurisdiction to proceed and determine the cause upon the issues made by the pleadings. Upon this point there can be no question. But has the district court also jurisdiction, where no question of fact is involved, to say that it has not jurisdiction when it has and to dismiss the appeal? If it has such power, it can destroy the

very purpose for which it was created. Jurisdiction is always a matter of law. It may depend on a certain state of facts, but it is the law that flows from such facts which establishes the jurisdiction. It is never a matter of discretion for a court to follow the law or not as it sees fit. It is ever the duty of courts to apply the law. Necessarily, every act of a court, to be of any binding force, must depend upon jurisdiction, and courts of necessity must determine questions of jurisdiction, but a determination that jurisdiction exists when, as a matter of law, it does not exist does not *ipso facto* establish such jurisdiction.

As we said in the recent case of *Gamble* v. *Silver Peak Co.*, 35 Nev. 326: "It is the primal duty of all courts to keep within their jurisdiction. Whenever a court takes any affirmative action, there is an implied adjudication that it has jurisdiction."

Without conflict of authority, it is settled that when an inferior court erroneously determines that it has jurisdiction, its judgments and orders will be set aside by the higher courts. What reason exists for saying that if a court erroneously decides that it has not jurisdiction when it has, and dismisses an appeal for that reason, such decision cannot be disturbed; in other words, for saying that the converse of the rule has no application? The reason given is that the appellate court has jurisdiction of the case for all purposes, and therefore may dispose of the case by an order of dismissal if in its judgment it is without jurisdiction. The fallacy of this reasoning, I am convinced, lies in the assumption that the appellate court has jurisdiction for all purposes when the constitution and statute prescribe that if an appeal is properly perfected it has jurisdiction only to determine the questions of law or fact involved in the pleadings or record on appeal. Hence justification exists for making no distinction between a mere refusal to proceed with the trial of a case for an erroneous assumption of want of jurisdiction and the dismissal of a case for the same erroneous reason. In other words, a court is without

power to invest itself with a jurisdiction it does not possess, or to divest itself of a jurisdiction it does possess.

## ON PETITION FOR REHEARING

*Per Curiam:*

Petition for a rehearing denied.